MICHAEL LAROCCA, as Administrator of the Estate of JOSEPH LAROCCA, Deceased, Respondent, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

Argued May 19, 1941; decided July 29, 1941.

*George W. Riley* and *Ralph L. Kinsley* for appellant. As against the administrator of the insured, the company is entitled to deduct the costs taxed in the rescission suit from the premiums to be returned. (*Whittingham* v. *Thornburgh*, 2 Vern. 206; *DeCosta* v. *Scandret*, 2 P. Wms. 170; *Wilson* v. *Ducket*, 3 Burr. 1361; *Prince of Wales Assn.* v. *Palmer*, 25 Beav. 605; *British Equitable Assur. Society* v. *Musgrave*, 3 Times L. R. 630; *Cleaver* v. *Mutual Reserve Fund Life Assn.*, [1892] 1 Q. B. 147; *Waters & Co.* v. *Gerard*, 189 N. Y. 302; *Williams* v. *Williams*, 8 N. Y. 525; *Beekman* v. *Bonsor*, 23 N. Y. 298; *Western Union Tel. Co.* v. *Call Pub. Co.*, 181 U. S. 92; *Kansas* v. *Colorado*, 206 U. S. 46.) An action for money had and received on the theory that consideration has failed may be defended upon the same equitable principles upon which it may be maintained, and the company may assert the *jus tertii* of the beneficiary to be exonerated for his costs, out of these premiums. (*American Surety Co.* v. *Conner*, 251 N. Y. 1; *Sleicher* v. *Sleicher*, 251 N. Y. 366; *Roberts* v. *Ely*, 113 N. Y. 128; *Rathbone* v. *Stocking*, 2 Barb. 135; *Mincho* v. *Bankers Life Ins. Co.*, 124 App. Div. 578; 129 App. Div. 332; *Gifford* v. *Corrigan*, 117 N. Y. 257; *New York Life Ins. Co.* v. *Aitkin*, 125 N. Y. 660; *Berly* v. *Taylor*, 5 Hill, 577; *Vrooman* v. *Turner*, 69 N. Y. 280; *Lewis* v. *Phœnix Mutual Life Ins. Co.*, 39 Conn. 100; *Friesmuth* v. *Agawam F. Ins. Co.*, 64 Mass. 587.) The judgment rests upon the fiction that upon rescission the contract will be regarded as if it has never been. Such fiction has never been applied in all its strictness when thereby the rights of innocent third persons will

be prejudiced. (*Hynes* v. *N. Y. C. R. R. Co.*, 231 N. Y. 229; *Queens* v. *Sadler's Co.*, 11 Eng. Rep. 1083; *American Surety Co.* v. *Conner*, 251 N. Y. 1; *Sleicher* v. *Sleicher*, 251 N. Y. 366; *Basye* v. *Paola Refining Co.*, 79 Kan. 755; *Moody* v. *Drown*, 58 N. H. 45.)

*Irwin Isaacs* for respondent. Where the contract of insurance is rescinded by the insurance company, it must return the premiums received from the insured. (*Harris* v. *Equitable Life Assur. Society*, 64 N. Y. 196; *Mincho* v. *Bankers' Life Ins. Co.*, 124 App. Div. 578; 129 App. Div. 332; *Stumpf* v. *Halstead Land & Development Co.*, 59 Misc. Rep. 529; *Moore* v. *Mutual Reserve Fund Life Assn.*, 121 App. Div. 335.) The amount of premiums was properly returnable to the estate of the insured upon the rescission of the policy of insurance by the company and not to the beneficiary designated in the policy of insurance. (*Waltz* v. *Workmen's Sick & Death Benefit Fund*, 141 N. Y. Supp. 578; *Seaback* v. *Metropolitan Life Ins. Co.*, 274 Ill. 516; *Falberg* v. *Continental Casualty Co.*, 195 Ill. App. 237; *McKinney* v. *Metropolitan Life Ins. Co.*, 191 Ill. App. 592; *State* v. *Trimble*, 292 Mo. 371; *Brotherhood of American Yeoman* v. *Manz*, 23 Ariz. 610; *Thompson* v. *Travelers Insurance Co.*, 11 N. D. 274.)

FINCH, J. This is an action for moneys had and received in the amount of the premiums paid on a policy of life insurance which has been rescinded by the insurer on account of material misrepresentations by the insured. Plaintiff is the administrator of the estate of the deceased insured. The return of the premiums to the plaintiff administrator is refused by the insurance company upon two grounds, *first*, that the premiums are payable to the beneficiary named in the policy and not to the insured or his estate, and *second*, that if the premiums are payable to the administrator, then the insurer is entitled to offset the amount of the judgment for costs which it recovered in a prior action brought on the policy unsuccessfully by the beneficiary.

The policy on the life of the insured was issued in 1935. He died in October, 1936, and in April, 1937, the beneficiary brought an action in the Municipal Court of the City of New York to recover the face value of $1,000 together with interest from the date of the death of the insured. In that action the insurer set up as a defense that the policy had been issued as a result of material misrepresentations by the insured; that the insurer elected to rescind therefor, and the insurer " now brings and tenders into court the sum of $57 [the amount of the premiums], with legal interest thereon up to the time of the trial, for the use and benefit of the plaintiff * * * and defendant further offers to do whatever else, if anything, it ought to do for the purpose of rescinding and cancelling said contract." The beneficiary rejected the tender and proceeded to trial, which resulted in the dismissal of the complaint and judgment for costs in the sum of $60, in favor of the insurer. The decision was affirmed upon appeal to the Appellate Term and an additional judgment for costs in the sum of $25 was awarded to the insurer as against the beneficiary. Thereafter the individual who had been named as the beneficiary in the policy, and who had been unsuccessful in the action on the policy, was appointed administrator of the estate of the deceased insured, and it is in the latter capacity that the plaintiff prosecutes this action. Upon the motion of plaintiff in the action at bar the Municipal Court granted summary judgment in his favor and denied the cross-motion of the defendant. The Appellate Term and the Appellate Division have affirmed, and appeal is taken to this court by leave of the Appellate Division.

It is not disputed by the parties that there is no obligation on the part of the insurer to pay the face value of the policy in question, and further that the insurer is not entitled to the premiums since it has avoided the risk by rescinding the contract of insurance and offering to return the premiums which it received from the insured during his lifetime. But the parties are in dispute as to who is entitled to receive these premiums. Appellate insurer argues, in

effect, as follows: Upon the death of the insured, all rights in the life policy became vested in the beneficiary named therein; since the beneficiary is the only person who may insist on performance of the policy, the beneficiary is the only one who may waive performance and consent to avoidance of the policy by the insurer; and, therefore, according to the argument, only the beneficiary may insist upon the return of the premiums as an alternative to performance of the obligations of the policy by the insurer.

It must be noted that the case at bar does not concern the power of the beneficiary to accept less than full performance in discharge of the obligations of the insurer or the choice of remedies of the beneficiary where there has been a breach of contract by the insurer. The case at bar is one where the insurer has been successful in declaring the policy void and, therefore, we must determine the rights of the parties in the absence of a valid contract of insurance. Therein lies the difficulty in the contentions of appellant insurer. The conclusion that the beneficiary is entitled to the refund of the premiums is said to follow from the premise that the rights of the beneficiary become vested upon the death of the insured. But the beneficiary has rights against the insurer only by virtue of the contract between the insured and the insurer. If there be no such contract, there are no rights of which the beneficiary can become vested. If an action for rescission had been brought by the insurance company prior to the death of the insured no claim is made but that the premiums would be returnable to the insured. But it is urged that the death of the insured transfers to the beneficiary not only all rights under the contract but also the right to a return of the premiums on the basis that no contract was made. A holding of the latter would rest upon a mere fiction having no existence in fact and precluded by the concession that if rescission had taken place in the lifetime of the insured the return premiums would be payable to him. Any relief which should be accorded must lie with the Legislature.

Appellant insurer pursues the anomalous argument of asserting on the one hand that there is no contract with the insured which binds the insurer, and on the other hand that because of the contract with the insured the insurer need treat only with the beneficiary. If the insurer desired to recognize the rights of the beneficiary under the contract of insurance, that course was open to the insurer. Instead it elected to rescind the policy. That the insurer had the right so to do was recognized in the prior action and is accepted by the parties in the case at bar. But the insurer having chosen to declare the contract of no effect, the obligations of the insurer are not now to be determined as though a valid contract continues in existence. The obligation to return the premiums exists not by virtue of the contract but despite the contract. And since the right of the beneficiary is asserted only on the basis of the existence of a contract between the insured and the insurer, that right must fall with the contract which has been rescinded. The contract of insurance having been rescinded, the law implies an obligation on the part of the insurer to refund the consideration to the insured or his estate. (American Law Institute, Restatement of the Law of Restitution, § 109; *Sullivan* v. *Metropolitan Life Ins. Co.*, 174 Mass. 467; *State ex rel. National Council* v. *Trimble*, 292 Mo. 371; *Seaback* v. *Metropolitan Life Ins. Co.*, 274 Ill. 516.)

Appellant insurer suggests that if it is required to restore the premiums not to the beneficiary but to the insured or his estate, then in the event of the death of the insured any delay in the appointment of an administrator would redound to the benefit of the estate by enhancing the amount which the insurer must pay as interest upon the moneys. This difficulty envisioned by the insurer is apparent rather than real, for such interest upon moneys due and payable would not run while the insurer is ready and willing to return the premiums but is unable to do so because of the failure to appoint an administrator of the estate of the insured to whom the premiums are to be returned.

Appellant insurer also contends that it ought to be allowed to set off against the amount of the premiums the judgment for costs which it recovered in the prior action on the policy brought by the beneficiary. The judgment for costs admittedly was not recovered against the estate of the deceased insured. It is not suggested that the prior action by the beneficiary was maintained for the benefit of the estate or prosecuted at its direction and no authority is cited for the proposition that the estate ought to be saddled with the debts of a private individual for whose actions the estate is not responsible. The judgment for costs against the beneficiary in his individual capacity is not a proper setoff in an action by the same person in the capacity of administrator of the estate of the insured.

It follows that the judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.