Per Curiam.

Plaintiff, beneficiary of defendant’s deceased insured, seeks to recover the proceeds of a life insurance policy which defendant seeks to rescind as fraudulently obtained.
The defendant corporation, through its health insurance department became aware of its insured’s material misrepresentations on his application for a health insurance policy on or before July 19, 1968 at which time it rescinded his health insurance policy. Substantially the same misrepresentations had been made to defendant corporation by the same insured *690 on Ms application for a life insurance policy in force at the same time. For 13 months after defendant corporation, through its health insurance department, became actively aware of its insured’s misrepresentations and until his death, it nevertheless, without notice of rescission, through its life insurance department, continued to demand, accept and retain four separate quarterly premium payments from plaintiff. Defendant offers no explanation for this election not to rescind other than to say it was through 1 ‘ inadvertence. ’ ’ The fact that a corporation is large and complex and subject to interdepartmental breakdowns in communication does not excuse or put a different face on its conduct or omissions. (Johnson v. Mutual Health & Acc. Assn., 5 A D 2d 103, mod. on other grounds 5 N Y 2d 1031.) The collection and retention of four payments over a full year cannot be overlooked as mere inadvertent and temporary acceptance of a premium such as excused the insurance company in Travelers Ins. Co. v. Pomerantz (246 N. Y. 63).
The knowledge of its officers, agents or employees, constituting one of its departments, was the knowledge of defendant corporation, and the acceptance of premiums for one year, after knowledge of the facts claimed to be the basis for rescission, constitutes a waiver of the right to rescind (Johnson v. Mutual Health & Acc. Assn., supra; Titus v. Glens Falls Ins. Co., 81 N. Y. 410).
Order entered October 18, 1973 reversed, with $10 costs; defendant’s motion for summary judgment denied, and plaintiff’s cross motion for summary judgment granted.
•Concur — Fbaítk, J. P., Qumrr and Dudley, JJ.