■ SALVATORE R. CURIALE, Superintendent of Insurance, as Liquidator, Appellant, v AIG MULTI-LINE SYNDICATE, INC., et al., Respondents. [613 NYS2d 360] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered August 19, 1993, to the extent that it granted the motion of certain defendant reinsurers and the intermediary for summary judgment dismissing the complaint except as to the cause of action for unjust enrichment, declared the reinsurance contracts with the insolvent to be unenforceable, and denied plaintiff's cross motion to compel disclosure, unanimously affirmed, without costs.

On the main appeal by plaintiff, we hold that summary judgment dismissing the complaint was warranted for the reasons stated in *Matter of Union Indem. Ins. Co.* (200 AD2d 99 [decided herewith]). The late discovery request two years after joinder of issue did not provide a reason to delay summary judgment *(see, Atomergic Chemetals Corp. v Hartford Acc. & Indem. Co.,* 193 AD2d 551), and, in any event, evidence adduced from the items sought would not have affected the outcome. Contrary to the liquidator's argument, materiality is not inevitably a question for the trier of fact *(see, Mutual Benefit Life Ins. Co. v Schwartz,* 170 AD2d 359). In view of the clear and substantially uncontradicted evidence in this record,

as well as the liquidator's admission in the related case of *Corcoran v Hall & Co.* (149 AD2d 165), the insolvent's nondisclosure was material as a matter of law.

Addressing defendant reinsurers' cross appeal, we note that the motion court denied the reinsurers' request for the rescission of the contracts with Union Indemnity not on the merits, but only because the claim for affirmative relief asserted as a counterclaim was encompassed by the injunction contained in the Liquidation Order pursuant to Insurance Law § 7419 *(Hartnett v National Motorcycle Plan,* 59 AD2d 870). We reach the same result on consideration of the merits, on the ground that the pervasive intent of the applicable Insurance Law provision is to preserve the assets of the insolvent insurer for the benefit of policyholders and creditors. In furtherance of the objective, "[t]he New York insurance laws have been interpreted uniformly to confer *expansive* jurisdiction upon the Superintendent in liquidation and rehabilitation proceedings" *(Corcoran v Hall & Co.,* 149 AD2d, *supra,* at 172 [emphasis in original]). Consequently, whatever acknowledgment there may be with respect to the wrong worked upon, the reinsurers cannot operate to defeat the right of the Superintendent to claim the return of premiums paid by Union Indemnity when the reinsurers have succeeded in having the contracts with Union Indemnity voided.

The reinsurers argue that since the plaintiff in his role as liquidator stands in the shoes of the insolvent insurer, subject to the infirmities assertable against the party he represents, he should not be allowed to profit from the insurer's fraud. However, the Court of Appeals, in a case involving the rescission of a policy issued as a result of material misrepresentations by the insured, has held that when a "contract of insurance ha[s] been rescinded, the law implies an obligation on the part of the insurer to refund the consideration to the insured or his estate" *(LaRocca v John Hancock Mut. Life Ins. Co.,* 286 NY 233, 238).

Moreover, a closer analysis of the "fraud" committed by Union Indemnity, admitted by the plaintiff-liquidator, upon which the reinsurers rely, reveals that Union Indemnity was itself a victim of the fraud and misrepresentations of third parties which led to its insolvency. Thus, the admissions were made by the plaintiff in other actions against these third parties, seeking to recover on account of this fraudulent misconduct for the benefit of Union Indemnity's creditors and policyholders.

It is true that there was culpable conduct of Union Indem-

nity presented by the reinsurers which supports the declaratory relief of nonenforceability of the reinsurance contracts directed by the IAS Court. However, it would be incongruous to invoke the equitable principle that a wrongdoer should not profit from his wrong to preclude the creditors and policyholders of Union Indemnity, whom the plaintiff represents, from recouping premiums paid to the reinsurers for policies which they have succeeded in rescinding. Such a result would simply give the reinsurers an undeserved windfall, punishing not a malefactor but innocent parties.

The unpublished decision and order of this Court released herein on May 3, 1994 is hereby recalled and vacated. Concur —Murphy, P. J., Rosenberger, Wallach, Asch and Williams, JJ.