■ INTERESTED UNDERWRITERS AT LLOYD'S, Subscribing to Policy of Insurance No. 707/NP 2641G, Respondent, v H.D.I. III ASSOCIATES, Appellant. [623 NYS2d 871] —Orders, Supreme Court, New York County (Stephen Crane, J.), the first entered November 23, 1993, which granted plaintiff's motion to enjoin defendant from prosecuting a Colorado action against plaintiff pending resolution of the instant action, and the second, entered on or about March 3, 1994, which granted plaintiff's motion for summary judgment, denied defendant's cross-motion for summary judgment and denied as academic defendant's motion to amend its answer and to compel plaintiff to appear for depositions, unanimously affirmed, with one bill of costs.

We perceive no improvident exercise of discretion by the IAS Court's decision to grant plaintiff's motion to temporarily stay defendant's subsequently commenced action in Colorado only as against it pending disposition of this declaratory judgment action. The New York action was properly placed, the defendant caused the numerous delays herein, a contrary decision in Colorado would interfere with the New York court's ability to resolve the issues before it *(Matter of Bozorth,* 161 AD2d 405), and the facts indicate that the defen-

dant may have engaged in forum-shopping since each of the Colorado defendants was amenable to suit in New York. Additionally, significant New York contacts existed (including the presence of the property intended to be covered by the insurance policy), and the standard for avoiding an insurance contract on the basis of material misrepresentation in the application is substantially higher in Colorado *(see, Wade v Olinger Life Ins. Co.,* 192 Colo 401, 560 P2d 446) than New York *(see, Process Plants Corp. v Beneficial Natl. Life Ins. Co.,* 53 AD2d 214, *affd* 42 NY2d 928).

Nor do we find merit to defendant's contentions that summary judgment was inappropriate because issues of fact exist with regard to whether the undisclosed prior losses were material, relevant, and intentionally omitted, it being well established that,

" 'A fact is material so as to avoid *ab initio* an insurance contract if, had it been revealed, the insurer or reinsurer would either not have issued the policy or would have only at a higher premium.' *(Christiania Gen. Ins. Corp. v Great Am. Ins. Co.,* [979 F2d 268], at 278.)

"While materiality must be assessed as of the time the contract was entered into and is ordinarily a question of fact, where the evidence of the materiality of a misrepresentation is clear and substantially uncontradicted, the matter is one of law for the court to determine *(Mutual Benefit Life Ins. Co. v Schwartz,* 170 AD2d 359; *Process Plants Corp. v Beneficial Natl. Life Ins. Co.,* 53 AD2d 214, 216-217, *affd on opn below* 42 NY2d 928)." *(Matter of Union Indem. Ins. Co.,* 200 AD2d 99, 107.)

We find that the evidence submitted sufficiently established defendant's relevant underwriting practices *(see, Mehta v New York Life Ins. Co.,* 203 AD2d 8), and thus, that summary judgment was appropriate in this case.

Further, we reject defendant's contention that plaintiff's delay of more than four months in disclaiming liability was unreasonable as a matter of law, rendering the disclaimer ineffective under Insurance Law § 3420 (d), because that statute applies to insurance policies involving tort liability to an injured third party, and no comparable notice requirement exists with regard to property insurance policies *(see, Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62, 67). In any event, section 3420 (d) does not preclude a tardy insurer from disclaiming liability based on the invalidity of the entire contract *(see, Matter of State Farm Mut. Auto. Ins. Co. [Merrill],* 192 AD2d 824, 825).

Finally, there is no merit to HDI's contention that summary judgment was premature because Underwriters had not complied with an outstanding discovery request, since discovery here was unlikely to reveal unknown defenses or otherwise affect the outcome (see, Curiale v AIG Multi-Line Syndicate, 204 AD2d 237). We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Rubin, Ross and Tom, JJ.