■ In the Matter of the Liquidation of U.S. CAPITAL INSUR-ANCE COMPANY. NEIL D. LEVIN, as Superintendent of Insur-ance of the State of New York, Respondent, v DEERA HOMES, INC., Appellant. [724 NYS2d 311] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered October 5, 2000, which awarded plaintiff the sum of $26,000, and bring-ing up for review an order, same court and Justice, entered February 16, 2000, which, inasmuch as appealed from and as limited by defendant's brief, granted plaintiff's motion direct-ing defendant to return a security deposit previously paid over to defendant by the insolvent insurance company, unanimously affirmed, without costs. Judgment, same court and Justice, entered October 5, 2000, which directed defendant to pay over to plaintiff $26,000, unanimously affirmed, without costs.

Defendant is not entitled to the disputed security deposit amounting to $26,000, which had been previously paid over to it by the now insolvent insurer, since said property constitutes property of the insurer, and thus the Liquidator, pursuant to the order of liquidation entered by the IAS court on or about November 20, 1997 (*see, Matter of Contractors Cas. & Sur. Co.,* 276 AD2d 411). Furthermore, contrary to defendant's asser-tion, there was no need to immediately address the counter-claims in defendant's answer, which sought, *inter alia,* a declaratory judgment that it was entitled to the security de-posit, as such claims for relief were already encompassed by injunctions contained in the liquidation order (*see,* Insurance Law § 7419; *see also, Curiale v AIG Multi-Line Syndicate,* 204 AD2d 237, 238). In any event, we find that the counterclaims are time-barred for defendant's failure to present them to the Liquidator within four months from the date of entry of the liquidation order (*see,* Insurance Law § 7432 [b]). Concur— Sullivan, P. J., Nardelli, Williams, Rubin and Marlow, JJ.