■ In the Matter of the Arbitration between PIONEER INSURANCE COMPANY, Appellant, and DAVID S. HALLEN, Respondent. [749 NYS2d 295] —Crew III, J.P. Appeal from an order of the Supreme Court (Meddaugh, J.), entered November 2, 2001 in Sullivan County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In July 2000, respondent suffered serious injuries when he was struck by an automobile in Lake Huntington, Sullivan County. As a consequence, he informed petitioner that he intended to pursue an uninsured or underinsured claim under a policy of insurance issued to him by petitioner. On August 31, 2000, petitioner discovered that Ann Mary Copp resided with respondent at the time that he submitted his application for the insurance in question and that she previously had been convicted of driving while ability impaired in February 1996. Consequently on May 9, 2001, petitioner informed respondent that it was denying coverage upon the ground that respondent failed to identify Copp as a resident driver in his application for insurance. Respondent then demanded arbitration of his claim, and petitioner commenced this proceeding seeking a stay of arbitration. Supreme Court, inter alia, denied the petition and this appeal ensued.

We affirm. " 'A fact is material so as to void *ab initio* an insurance contract if, had it been revealed, the insurer or reinsurer would either not have issued the policy or would have only at a higher premium' " (*Interested Underwriters at Lloyd's v H.D.I. III Assoc.,* 213 AD2d 246, 247, quoting *Christiania Gen. Ins. Corp. v Great Am. Ins. Co.,* 979 F2d 268, 278). Here, Supreme Court quite properly determined that the subject misrepresentation was immaterial. To be sure, petitioner's underwriter asserted that, based upon petitioner's guidelines, she would not have accepted respondent's application if she had been advised that Copp was a resident of respondent's household and previously had been convicted of driving while ability impaired. As noted by Supreme Court, however, petitioner's application only required disclosure of accidents and convictions within 39 months of the date thereof,

whereas Copp's conviction occurred more than four years prior to submission of the application. Quite clearly, the information upon which the underwriter purportedly would have rejected respondent's application was not required to be and, presumably, would not have been disclosed. Inasmuch as there is no evidence that petitioner's underwriting practices would have dictated rejection of respondent's application based solely upon Copp's residence within respondent's household, we find Supreme Court to have been entirely correct in denying petitioner's application.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.