■ CERTAIN UNDERWRITERS AT LLOYDS, LONDON, Plaintiff, v MILLENNIUM HOLDINGS LLC et al., Respondents, and AIU INSURANCE COMPANY et al., Appellants, et al., Defendants, CERTAIN UNDERWRITERS AT LLOYDS, LONDON, Appellant, v MILLENIUM HOLDINGS LLC et al., Defendants, NL INDUSTRIES INC., Respondent, and EMPLOYERS MUTUAL CASUALTY COMPANY et al., Appellants. [861 NYS2d 3]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered December 3, 2007, dismissing the cross claims of defendants Travelers and the remaining defendants-appellants (collectively, the AIG defendants) in favor of an Ohio action, based on an order, entered November 8, 2007, which also denied Travelers' motion for summary judgment, unanimously affirmed, with costs. Appeal from the underlying order unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered December 26, 2007, which denied the motion of plaintiff Certain Underwriters and the cross motion of defendants OneBeacon America, Republic, Government Employees and Riunione Adriatica to enjoin NL Industries from maintaining actions in Texas, unanimously reversed, on the law and the facts, with costs, and the motion and cross motion granted.

Deference to the long-pending comprehensive Ohio action was warranted, as we ruled in this case in October 2007 (44 AD3d 536, 537 [2007]); the first-filed rule does not govern here (see *ACE Fire Underwriters Ins. Co. v ITT Indus., Inc.*, 44 AD3d 404, 405 [2007]). Travelers was not entitled to summary judgment on its defense of release; the interpretation of the settlement agreement at issue presented an issue for the Ohio court, which ruled in favor of resorting to extrinsic evidence.

In view of NL's forum-shopping in commencing parallel Texas actions just after the insurers had brought suit in New York, this Court's clear indication in our October 2007 ruling that the dispute has a greater nexus to New York, and the possibility of conflicting rulings, NL should have been enjoined from maintaining its Texas action (see *Jay Franco & Sons Inc. v G Studios, LLC*, 34 AD3d 297 [2006]; *Interested Underwriters at Lloyd's v H.D.I. III Assoc.*, 213 AD2d 246 [1995]). Under the

circumstances, our deference to the Texas courts as a matter of comity is not warranted. Concur—Tom, J.P., Mazzarelli, Gonzalez and DeGrasse, JJ.