Irb-Brasil Resseguros S.A., Respondent, v Portobello International Limited et al., Appellants. [874 NYS2d 79]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about September 30, 2008, which granted plaintiff's motion to permanently enjoin defendants and others acting in concert with them from prosecuting or continuing to prosecute an action in Brazil, unanimously affirmed, with costs.

The court properly invoked its equity power to enjoin defendants from prosecuting the action they commenced in Brazil in about April 2008, in order to prevent the waste of judicial resources, unnecessary legal expenses, and duplicative litigation that might lead to conflicting results (*Jay Franco & Sons Inc. v G Studios, LLC*, 34 AD3d 297 [2006]). An injunction may be issued "where it can be shown that the suit sought to be restrained is not brought in good faith, or that it was brought

for the purpose of vexing, annoying and harassing the party seeking the injunction" (*Paramount Pictures, Inc. v Blumenthal*, 256 App Div 756, 759 [1939], *appeal dismissed* 281 NY 682 [1939]). The instant action to collect on unpaid notes was properly placed in New York because the global note and related documents at issue explicitly provide that they are governed by New York law, and the parties agreed to submit to the jurisdiction of the courts of this state. This action was commenced in 2006, and defendants delayed commencement of their Brazilian action until about a year and a half later, which is evidence of their bad faith. Their motivation in that action was to avoid the application of New York law, which is yet another indication of bad faith. Since "a contrary decision in [the foreign court] would interfere with the New York court's ability to resolve the issues before it," it is entirely appropriate for the New York court to exercise its discretion to enjoin the action in the foreign court (*Interested Underwriters at Lloyd's v H.D.I. III Assoc.*, 213 AD2d 246, 246 [1995]). Comity does not require our courts to defer to the foreign jurisdiction under such circumstances (*Certain Underwriters at Lloyds, London v Millennium Holdings LLC*, 52 AD3d 295 [2008]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ. [*See* 2008 NY Slip Op 32644(U).]