■ KISS CONSTRUCTION NY, INC., Respondent, v RUTGERS CASUALTY INSURANCE COMPANY, Appellant, et al., Defendants. [877 NYS2d 253]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered April 16, 2008, which, to the extent appealed from, denied defendant Rutgers' motion for summary judgment and granted plaintiff's motion for partial summary judgment declaring that Rutgers is obligated to defend and/or pay plaintiff's defense costs in an underlying action until the question of rescission of the policy is decided, unanimously reversed, on the law, with costs, Rutgers' motion granted, plaintiff's motion denied, the policy declared void ab initio, and defendant Rutgers is directed to refund the premiums to plaintiff.

In its application for commercial general liability insurance with Rutgers, plaintiff listed the nature of its business as "PAINTING—100%—100% INTERIOR." The Declaration page of the policy described plaintiff's business as a painting contractor, and the extension of declarations included the further description "PAINTING INTERIOR BUILDINGS—NO TANKS." Plaintiff further acknowledged that by accepting the policy, it agreed that the statements in the declarations were accurate, complete and based on representations it had made in its application, and that Rutgers was issuing the policy in reliance on those representations.

In 2004, plaintiff lodged a claim under the policy for injuries that allegedly occurred during the construction of a three-family building, where plaintiff was the general contractor in work involving excavation and paving. Rutgers disclaimed coverage based on an alleged material misrepresentation in the application for insurance. Plaintiff brought the instant action, seeking a declaration that Rutgers was obligated under the policy to defend and indemnify plaintiff in that underlying claim. In its fifth affirmative defense, Rutgers sought to void the policy ab initio, based on the alleged material misrepresentation in the application.

For an insurer to be entitled to rescind a policy ab initio, it must show that the applicant made a material misrepresentation with an intent to defraud (*see Dwyer v First Unum Life Ins. Co.*, 41 AD3d 115 [2007]). "No misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract" (Insurance Law § 3105 [b]). While the

materiality of a misrepresentation is ordinarily a jury question, it becomes a matter of law for the court's determination when the evidence concerning materiality is clear and substantially uncontradicted (*Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214, 216-217 [1976], *affd* 42 NY2d 928 [1977]).

Here, although defendants have not established that the policy itself limited coverage to painting and neither the guidelines nor the classification of the nature of plaintiff's business would alter the coverage provided, the court should have granted Rutgers' motion for summary judgment declaring the policy void ab initio. Rutgers offered the affidavits of two of its vice-presidents (one of whom was the vice-president of commercial underwriting) who each averred that the company does not write policies for such construction work, or for general contractors. This argument was also supported by the company's underwriting guidelines, by copies of e-mails declining coverage to similarly situated applicants, and by copies of disclaimer letters sent to similarly situated insureds making similar claims (*see* Insurance Law § 3105 [c]; *cf. Di Pippo v Prudential Ins. Co. of Am.*, 88 AD2d 631 [1982]). This satisfied Rutgers' burden of demonstrating the materiality of the misrepresentation (*see Bleecker St. Health & Beauty Aids, Inc. v Granite State Ins. Co.*, 38 AD3d 231 [2007]; *Mehta v New York Life Ins. Co.*, 203 AD2d 8 [1994]), and plaintiff does not argue to the contrary on appeal.

One of plaintiff's managers, who was the father of plaintiff's principal, testified at deposition that based on his own knowledge, plaintiff had been performing such construction work throughout and since 2002. The subsequent affidavits of plaintiff's principal and this manager, to the effect that the father was never employed by plaintiff and that he had no knowledge of any such construction work during 2002, were insufficient to defeat Rutgers' motion for summary judgment, as those self-serving affidavits created no more than a feigned issue of fact tailored to avoid the consequences of the earlier contrary testimony (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). The later affidavits asserting that the father was not employed by plaintiff are also belied by a prior affidavit submitted by him in this action, on plaintiff's behalf, in which he averred that he was indeed one of plaintiff's managers. Again, plaintiff does not argue otherwise on appeal.

In *Federal Ins. Co. v Kozlowski* (18 AD3d 33 [2005]), we held that once a policy goes into effect and a claim has been made, the status quo is changed and a defense of rescission must await a judicial determination. This does not mean, as plaintiff argues, that once a claim is made under such a policy, the rescission

would only be effective as to new claims. We clearly held that once a claim is lodged under the policy, a rescission by notice (i.e., without a judicial determination) can only be prospective, but "[n]eedless to say, if [the insurer] prevails in its claim of right to rescind on the basis of fraud in the inducement, its obligation to defend [the insured] is vitiated and the policy will be rendered void from its inception irrespective of the point in the life of the policy that a liability claim may have arisen" (*id.* at 40).

None of plaintiff's other arguments alters Rutgers' right to summary judgment on its affirmative defense for a declaration that the policy was void ab initio based on the material misrepresentations in the insurance application. Since we now declare the policy void ab initio, Rutgers is obligated to refund plaintiff's premium payments (*LaRocca v John Hancock Mut. Life Ins. Co.*, 286 NY 233, 238 [1941], cited in *Curiale v AIG Multi-Line Syndicate*, 204 AD2d 237, 238 [1994], *lv dismissed* 84 NY2d 1026 [1995]). Concur—Friedman, J.P., Moskowitz, Acosta and Freedman, JJ.