■ 936 Second Avenue, L.P., Appellant, v Second Corporate Development, Co., Inc., et al., Respondents. [917 NYS2d 865]—

There is no basis to disturb the award. The appraisal was made pursuant to the procedure set forth in the parties' lease. The appraisers averred that they complied with the Court of Appeals' order that the net lease must be taken into account when valuing the demised premises (*see 936 Second Ave. L.P. v Second Corporate Dev. Co., Inc.*, 10 NY3d 628 [2008]). The motion court properly determined that there was no evidence of fraud, bias or bad faith in the appraisal process. Nor was the award irrational. Absent such evidence, "the appraisal should stand" (*Rice v Ritz Assoc.*, 88 AD2d 513, 514 [1982], *affd* 58 NY2d 923 [1983]). Concur—Mazzarelli, J.P., Acosta, DeGrasse, Richter and Manzanet-Daniels, JJ.

■ Edward A. Kaminsky, Appellant, v Herrick, Feinstein, LLP, Respondent. [917 NYS2d 866]—

The complaint was properly dismissed as barred by the doctrine of res judicata. Plaintiff's action arose out of the same set of circumstances as his prior 2006 action, which was dismissed (*see* 59 AD3d 1 [2008], *lv denied* 12 NY3d 715 [2009]), and "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

We have considered plaintiff's remaining arguments, including that he did not have a full and fair opportunity to litigate his claims, and find them unavailing. Concur—Mazzarelli, J.P., Acosta, DeGrasse, Richter and Manzanet-Daniels, JJ.