11-1479-cv
American Gen. Life Ins. Co. v. Salamon

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of May, two thousand twelve.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
                *Circuit Judges*,
           LAURA TAYLOR SWAIN,
                *District Judge*.[*]

-----------------------------------------------------------------------
AMERICAN GENERAL LIFE INSURANCE COMPANY,
           *Plaintiff-Appellant*,

         v.                        No. 11-1479-cv

HANA SALAMON, JOEL KATZ, individually and as
Trustee for the Hana Family Trust, HANA FAMILY
TRUST, AARON KNOPFLER,
           *Defendants-Appellees*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:    MICHELLE ARBITRIO (Fred Knopf, *on the brief*), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, New York.

---

[*] Judge Laura Taylor Swain of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEES:        IRA S. LIPSIUS, Lipsius-Benhaim Law LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 18, 2011, is AFFIRMED.

American General Life Insurance Company appeals from an award of summary judgment to defendants in this declaratory judgment action seeking to rescind a life insurance policy issued to defendant Hana Salamon. We review an award of summary judgment <u>de novo</u>, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. <u>See</u> <u>Nagle v. Marron</u>, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In awarding summary judgment to defendants, the district court relied on the "well settled" rule of New York insurance law that "the continued acceptance of premiums by the carrier after learning of facts which allow for the recission of the policy, constitutes a waiver of, or more properly an estoppel against, the right to rescind."[1] <u>Security Mut. Life Ins. Co.</u>

---

[1] We have no occasion to consider whether, even if plaintiff waived its right to rescind the policy, it might nevertheless have been entitled to any other damages it may have incurred due to defendants' alleged fraud. Although plaintiff advanced this contention below, it has not argued, and thus, has abandoned any such claim on appeal. <u>See</u> <u>Norton v. Sam's Club</u>, 145 F.3d 114, 117 (2d Cir. 1998).

of N.Y. v. Rodriguez, 65 A.D.3d 1, 9–10, 880 N.Y.S.2d 619, 625 (1st Dep't 2009) (internal quotation marks omitted); see, e.g., U.S. Life Ins. Co. in the City of N.Y. v. Blumenfeld, 92 A.D.3d 487, 489–90, 938 N.Y.S.2d 84, 87 (1st Dep't 2012); Precision Auto Accessories, Inc. v. Utica First Ins. Co., 52 A.D.3d 1198, 1201–2, 859 N.Y.S.2d 799, 803 (4th Dep't 2008); Scalia v. Equitable Life Assur. Soc'y of U.S., 251 A.D.2d 315, 315, 673 N.Y.S.2d 730, 731 (2d Dep't 1998); Johnson v. Mut. Benefit Health & Accident Ass'n of Omaha, Neb., 5 A.D.2d 103, 106–07, 168 N.Y.S.2d 879, 883 (3d Dep't 1957).  This rule is well-rooted in New York Court of Appeals precedent.  See, e.g., Lampke v. Metro. Life Ins. Co., 279 N.Y. 157, 165 (1938) ("To permit an insurance company to accept the payment of premiums on a policy which it knew when issued was void from its inception would constitute a fraud on the policy-holder."); Bible v. John Hancock Mut. Life Ins. Co., 256 N.Y. 458, 262 (1931) (Cardozo, J.) ("In the absence of warranty or warning, the delivery of the policies by the insurer, and the keeping of the premiums with knowledge of a then existing breach of the conditions . . . gave rise to a waiver, or more properly, an estoppel.").

The application of the rule in this case is established by the following facts.  Although plaintiff sent defendant Salamon a letter on February 5, 2009, enumerating specific misrepresentations in the insurance application and stating that, as a result, "American General is rescinding the policy, which is hereby voided and not in effect," J.A. 110, on February 9, 2009, the insurer nevertheless accepted a premium payment of $212,500 from Salamon, which it credited towards Salamon's account under the policy.  Further, plaintiff thereafter maintained the policy on "active" status, sent a grace notice demanding further

payment on November 30, 2009, sent a lapse notice on February 12, 2010, and at no point refunded any paid premium.

Plaintiff does not dispute that these facts trigger the aforementioned insurance law rule precluding recission. Rather, it claims that because its acceptance of the premium was "inadvertent," it falls within an exception to the rule. Appellant's Br. at 14. To be sure, New York law states that "[n]egligence or oversight is not enough to establish waiver," and thus the "temporary retention" of an insurance premium does not bar a subsequent recission action if the insurer "repudiated the proffered benefit within a reasonable time" of receipt. Metropolitan Life Ins. Co. v. Blum, 7 A.D.2d 488, 491, 184 N.Y.S.2d 455, 457 (1st Dep't 1959) (internal quotation marks omitted) (insurance company offered to return premium within ten days of receipt), aff'd, 9 N.Y.2d 954 (1961); see Travelers' Ins. Co. v. Pomerantz, 246 N.Y. 63, 70–71 (1927) (insurance company returned premium approximately two months after receipt). But plaintiff here does not contend that the collection of defendant's premium derived from a computer or clerical error that could be construed as negligent or inadvertent; rather, plaintiff concedes that its systems are designed to accept premiums as occurred in this case. That plaintiff contends this system design is meant to inure to the insured's benefit is irrelevant under New York law. See U.S. Life Ins. Co. in the City of N.Y. v. Blumenfeld, 92 A.D.3d at 489, 938 N.Y.S.2d at 86 ("This rule applies even where the insurer claims it accepted premiums after commencing a recission action to 'protect' the insured pending a determination of the action, as is the case here."). Moreover, plaintiff still has not refunded any of the premium collected, and New York courts have rejected reliance

4

on the aforementioned exception under such circumstances.  See Security Mut. Ins. Co. of N.Y. v. Rodriguez, 65 A.D.3d at 10, 880 N.Y.S.2d at 625; see also Garbin v. Mut. Life Ins. Co. of N.Y., 77 Misc. 2d 689, 690, 356 N.Y.S.2d 741, 742 (App. Term, 1st Dep't 1974) ("The collection and retention of four payments over a full year cannot be overlooked as mere inadvertent and temporary acceptance of a premium such as excused the insurance company in [Pomerantz].").  Plaintiff emphasizes that it intends to return the premiums if it prevails in rescinding the policy, as required by New York law.  See Kiss Constr. N.Y., Inc. v. Rutgers Cas. Ins. Co., 61 A.D.3d 412, 415, 877 N.Y.S.2d 253, 256 (1st Dep't 2009) (citing La Rocca v. John Hancock Mut. Life Ins. Co., 286 N.Y. 233, 238 (1941)) (holding that insurer who successfully rescinded policy in court was obligated by law to refund paid premiums).  It cites no authority, however, suggesting that its willingness to comply with New York law makes its continued retention of the premium "temporary" under the exception.[2]

Plaintiff further argues that New York law would not permit waiver here because plaintiff's investigation is still ongoing, there has been no discovery in this recission action, and therefore it does not have full knowledge of the material facts of defendants' purported fraud.  The point merits little discussion.  Waiver under New York law requires only that the

---

[2] Nor can plaintiff establish a factual dispute about intent by pointing to its reservation of the right to rescind in its February 5, 2009 letter.  Indeed, the very basis of New York's rule "is that an insurer's claimed attempt to both accept premiums and reserve  its right to rescind is unenforceable for lack of mutuality and timeliness."  Security Mut. Life Ins. Co. of N.Y. v. Rodriguez, 65 A.D.3d at 8, 880 N.Y.S.2d at 624.

insurer accept premium payments after "learning of facts which allow for the recission of the policy." Security Mut. Life Ins. Co. of N.Y. v. Rodriguez, 65 A.D.3d at 9–10, 880 N.Y.S.2d at 625 (internal quotation marks omitted). The February 5, 2009 letter enumerates numerous misrepresentations of which plaintiff had learned and specifically concludes that these representations provided grounds sufficient for recission. Indeed, plaintiff concedes that it "had the minimum facts to file the recission action" against defendants at that time. Appellant's Reply Br. at 10.

Finally, to the extent that plaintiff urges us to modify New York's common law rule on the ground that it encourages fraud, our task is not to re-consider the well established public policy judgments of New York courts; rather, "it is our job to predict how the New York Court of Appeals would decide the issues before us." CFTC v. Walsh, 618 F.3d 218, 231 (2d Cir. 2010) (internal quotation marks omitted).[3] We have no basis to conclude that the Court of Appeals would discard a rule rooted in its long-standing precedent and uniformly applied by New York appellate courts. For this reason, we also decline plaintiff's request that we certify this question to the Court of Appeals. Although "certification may be appropriate if the New York Court of Appeals has not squarely addressed an issue and other decisions by New York courts are insufficient to predict how the Court of Appeals would resolve it," that is not this case. 10 Ellicott Square Court Corp. v. Mountain Valley

---

[3] To the extent plaintiff complains not only that defendants committed insurance fraud but also that defendants misled the district court, we note only that plaintiff does not appear to have moved for sanctions below, nor has it requested any such relief on appeal.

Indem. Co., 634 F.3d 112, 125–26 (2d Cir. 2011); see CFTC v. Walsh, 618 F.3d at 231

(observing that we "resort to certification sparingly" (internal quotation marks omitted)).

     We have considered plaintiff's remaining arguments and conclude they are without

merit.  The judgment of the district court is AFFIRMED.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, Clerk of Court