Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 14, 2011, declaring that plaintiff is not obligated to defend or indemnify defendants LaFleur and Naraine (defendants) in the underlying personal injury action, unanimously affirmed, without costs.
Defendants do not deny that the building they described as a two-family dwelling in their application for commercial general liability insurance contains three apartments. In response to plaintiffs claim of a material misrepresentation entitling it to disclaim coverage, defendants point to the certificate of occupancy issued in 1967, which permits use and occupancy by two families, and the New York City tax assessment roll for the *427 last five years, which indicates that the building is a “two family converted from one family.” Defendants argue that “most people” would understand the question “# Families” on the insurance application to be asking whether the premises is “a legal two family, which it is.”
Contrary to defendants’ argument, the only reasonable interpretation of the question “# Families” is that it seeks the number of separate dwelling units in the building (see Multiple Dwelling Law § 4 [6], [7]). The import of the 1967 certificate of occupancy and the tax assessment roll submitted by defendants is that the third apartment was constructed without a proper certificate of occupancy and was never reported to the Department of Buildings. However, while the third apartment may have been constructed illegally, the building is nevertheless a three-family dwelling.
Contrary to defendants’ contention, plaintiff demonstrated that defendants’ misrepresentation was material by submitting competent evidence that it would not have written the policy had it known that the premises contained a third apartment (see Interested Underwriters at Lloyd’s v H.D.I. III Assoc., 213 AD2d 246, 247 [1st Dept 1995]). Concur — Tom, J.E, Sweeny, Acosta, DeGrasse and Richter, JJ.