Matter of 101 W. 23 Owner I LLC v 715-723 Sixth Ave. Owners Corp. (2019 NY Slip Op 05501)





Matter of 101 W. 23 Owner I LLC v 715-723 Sixth Ave. Owners Corp.


2019 NY Slip Op 05501


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9845 650905/18

[*1]In re 101 West 23 Owner I LLC, Petitioner-Appellant,
v
715-723 Sixth Avenue Owners Corp., Respondent-Respondent.


Nixon Peabody LLP, New York (Adam B. Gilbert of counsel), for appellant.
Anderson Kill P.C., New York (Peter I. Livingston of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 9, 2018, which denied the petition to confirm the subject appraisal, and dismissed the special proceeding brought pursuant to CPLR article 76, unanimously reversed, on the law, with costs, and the petition granted.
Supreme Court improperly concluded that the neutral appraiser's valuation of the entire building, and not just the residential portion, in determining the building's fair market value rendered the decision "wholly irrational." Schedule B of the lease at issue specifically provides that the adjustment to the rent for the leased premises would be calculated by 36% of the fair market value index (FMV Index) (as defined by the lease), multiplied by the Mortgage Index Percentage, determined by reference to published data. The FMV Index was the "value of the Land only, plus the value of the building." The lease further states: "For purposes of this Lease, the value of the building shall mean the fair market value of the building existing on said Land." Such language is clear and unambiguous, and nowhere excludes the value of the commercial space from the value of the building. Furthermore, there is no evidence of "fraud, bias or bad faith" on the part of the neutral appraiser (Liberty Fabrics v Corporate Props. Assoc. 5, 223 AD2d 457, 457 [1st Dept 1996]), and the appraisal followed the procedures as set forth in the lease. Accordingly, there is no basis to disturb the neutral's appraisal in this case (see 936 Second Ave., L.P. v Second Corporate Dev., Co., Inc., 82 AD3d 446 [1st Dept 2011], lv denied 17 NY3d 713 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK