Certain Underwriters at Lloyd's London v Bioenergy Dev. Group, LLC (2020 NY Slip Op 07666)





Certain Underwriters at Lloyd's London v Bioenergy Dev. Group, LLC


2020 NY Slip Op 07666


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 655792/17 Appeal No. 12674-12675-12675A-12675B-12675C Case No. 2019-4482, 2020-01574, 2020-02257 

[*1]Certain Underwriters at Lloyd's London etc., et al., Plaintiffs-Appellants,
v
Bioenergy Development Group, LLC et al., Defendants-Respondents.


Zelle LLP, New York (Matthew L. Gonzalez and Isabella Stankowski-Booker of counsel), for appellants.
Anderson Kill, P.C., New York (Dennis J. Artese, Robert M. Horkovich and Vivian C. Michael of counsel), for respondents.



Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered March 11, 2020, insofar as appealed from, awarding defendants money damages, and bringing up for review an order, same court and Justice, entered April 22, 2019, which denied plaintiffs' motion for summary judgment declaring that the damaged property did not constitute "Buildings" within the meaning of the subject insurance policies and granted defendants' cross motion to confirm an appraisal award, an order, same court and Justice, entered January 22, 2020, which denied plaintiffs' motion for summary judgment on their affirmative defense of material misrepresentation and dismissing the counterclaims, granted defendants' cross motion to strike certain of plaintiffs' evidentiary submissions, and granted defendants' motion for entry of a money judgment, and an order, same court and Justice, entered February 19, 2020, which granted defendants' motion to correct the January 22, 2020 order and granted plaintiffs' cross motion for clarification to the extent of striking their material misrepresentation affirmative defense, unanimously affirmed, with costs. Appeals from orders entered April 2, 2019, and January 22, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
By requesting that an appraisal panel allocate property damage loss between "Buildings" and "Machinery and Contents," plaintiffs expressly consented to the panel's determining which damaged items were "Buildings" and which "Machinery and Contents" (see Gansevoort Holding Corp. v Palatine Ins. Co., 11 Misc 2d 518, 522 [Sup Ct, NY County 1957], affd 7 AD2d 720 [1st Dept 1958], lv denied 6 NY2d 705 [1959]; Bedell v Kennedy, 109 NY 153, 158 [1888]). Because the award was made pursuant to the procedures set forth in the parties' agreement and they do not claim fraud, bias, or bad faith, the award should not be disturbed (936 Second Ave., L.P. v Second Corporate Dev., Co., Inc., 82 AD3d 446 [1st Dept 2011], lv denied 17 NY3d 713 [2011]). Reservation of this issue for future litigation despite submitting it to the panel for determination "would have rendered the [determination] meaningless" (Matter of Penn Cent. Corp. [Consolidated Rail Corp.], 56 NY2d 120, 127 [1982]).
The affidavit by Michael Bernay should not have been struck. As CEO and managing director of PERse, which specialized in underwriting management, Bernay was not required to be personally involved in negotiating the policy renewal for the relevant policy period to have personal knowledge of PERse's underwriting guidelines (see Kiss v Constr. NY, Inc. v Rutgers Cas. Ins. Co., 61 AD3d 412, 414 [1st Dept 2009]). However, the underwriting guidelines and an email appearing to be from defendants' broker to GCube requesting a lower total insured value and the attached statement of value were unauthenticated. Further, the court properly declined to consider the supplemental Bernay affidavit and the affidavit by GCube's former vice president[*2], Jeffrey Richards, submitted in opposition to defendants' motion to strike, as an improper attempt to remedy basic deficiencies in plaintiffs' motion for summary judgment (see Cevallos v Morning Dun Realty, Corp., 78 AD3d 547, 549 [1st Dept 2010]).
However, even considering the stricken submissions and those submitted improperly, we would affirm the denial of plaintiffs' motion for summary judgment on their material misrepresentation affirmative defense to the counterclaims, because plaintiffs failed to show that the claimed misrepresentation was material (see Interested Underwriters at Lloyd's v H.D.I. III Assoc., 213 AD2d 246, 247 [1st Dept 1995]). The Bernay and Richards affidavits asserting that if defendants had not undervalued the insured property in their insurance application plaintiffs "would not have issued the same policy subject to the same terms and conditions" are conclusory (see Feldman v Friedman, 241 Ad2d 433, 434 [1st Dept 1997]).
Contrary to plaintiffs' contention, although defendants did not move to dismiss the affirmative defense of material misrepresentation, the court correctly struck the defense, given the procedural posture of the case (see CPLR 3212[b]). The material misrepresentation defense was not applicable to defendants' only remaining counterclaim, which sought (extra-contractual) consequential damages (see Certain Underwriters at Lloyd's v BioEngery Dev. Group LLC, 178 AD3d 463, 464 [1st Dept 2019]). In addition, as the court noted, plaintiffs should have raised the defense in opposition to defendants' motion to confirm the appraisal award.
The judgment should not be disturbed. Plaintiffs did not oppose the defendants' proposed judgment and indeed previously agreed that judgment should be entered against the managing agents. Accordingly, plaintiffs have waived any objection to which parties the judgment is entered against. Moreover, plaintiffs' argument that the managing agents were nonparties to this action was not previously raised and cannot be raised for the first time on appeal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020