Integon Natl. Ins. Co. v Dong Dong Zhou (2023 NY Slip Op 02063)

Integon Natl. Ins. Co. v Dong Dong Zhou

2023 NY Slip Op 02063

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Index No. 152818/20 Appeal No. 79 Case No. 2022-04614 

[*1]Integon National Insurance Company, Plaintiff-Respondent,
v
Dong Dong Zhou et al., Defendants, Jing Yi Lin, Defendant-Appellant.

Law Offices of Wade T. Morris, New York (Wade T. Morris of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Tania A. Gondiosa of counsel), for respondent.

Order, Supreme Court, New York (Louis L. Nock, J.), entered July 14, 2022, which, insofar as appealed from as limited by the briefs, granted plaintiff Integon National Insurance Company's (Integon) motion for a default judgment against defendants Dong Dong Zhou and Chao Wei Gao and for summary judgment against defendant Jing Yi Lin declaring that plaintiff has no duty to defend or indemnify Gao in the underlying action, denied Lin's cross motion to compel discovery, and to amend his answer to include an affirmative defense and a counterclaim for mutual mistake, unanimously affirmed, without costs.
Integon issued a dwelling policy, including liability coverage, for a residence co-owned by Zhou and Gao. Lin was injured while working on Zhou and Gao's property and commenced an underlying personal injury action. According to the policy's terms, the policy covered Zhou, who was the sole named insured, as well as her relatives and her spouse. Gao was not named on the policy, and at the time of the accident for which Lin seeks damages, was not married to Zhou, but was either her domestic partner or her fiancé.
Integon established its entitlement to summary judgment as against Lin by submitting evidence that Gao was not covered under Zhou's insurance policy because he was not a named insured and was not a relative of Zhou at the time of the accident (see Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co., 5 AD3d 198, 200 [1st Dept 2004]). According to Gao's own statement, he and Zhou were not married when Lin was injured. Furthermore, although the term "relative" is not defined in the policy, Gao does not qualify as Zhou's relative under the ordinary definition of that term (Black's Law Dictionary [11th ed 2019], relative ["a person connected with another by blood or affinity"]; relative by affinity ["someone who is related solely as the result of a marriage and not by blood or adoption"]). Further discovery would not change the underlying facts, which lead to the conclusion that Integon has no duty to indemnify or defend Gao under the policy's terms (see Interested Underwriters at Lloyd's v H.D.I. III Assoc., 213 AD2d 246, 248 [1st Dept 1995]).
We have considered Lin's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023