■ CONTINENTAL INSURANCE COMPANY, Appellant, v HELMSLEY ENTERPRISES, INC., et al., Respondents. [622 NYS2d 20] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about November 3, 1993, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for leave to serve an amended complaint, unanimously affirmed, with costs.

The IAS Court properly determined that plaintiff waived its right to seek rescission of the contract of insurance when it knowingly accepted premium payments for several months following discovery of the alleged misrepresentations upon which it claimed to have relied when it issued the policies. Plaintiff's claimed attempt to both accept premiums and reserve its right to rescind is unenforceable for lack of mutuality and timeliness *(see, McNaught v Equitable Life Assur. Socy.,* 136 App Div 774). Where an insurer accepts premiums after learning of an event allowing for cancellation of the policy, the insurer has waived the right to cancel or rescind *(see, Zeldman v Mutual Life Ins. Co.,* 269 App Div 53).

Further, the motions here for summary judgment were the first made by the moving parties and therefore are not subject to any bar precluding successive motions for summary judgment *(compare, Echeverri v Flushing Hosp. & Med. Ctr.,* 123 AD2d 818). Finally, leave to serve a third amended complaint four years after the start of litigation, and after all disclosure had been completed, to assert, for the very first time, causes of action for damages was properly denied by the IAS Court in view of the obvious lack of merit of the causes. Concur—Sullivan, J. P., Ellerin, Rubin and Williams, JJ.