■ ELIZABETH HYDELL, Appellant, v NORTH ATLANTIC LIFE INSURANCE Co., Respondent. [667 NYS2d 391] —In an action to obtain the proceeds of a life insurance policy, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered July 10, 1996, which denied her motion to

dismiss the defendant's counterclaim for rescission of the policy.

Ordered that the order is affirmed, with costs.

In or about September 1986 the defendant, North Atlantic Life Insurance Company (hereinafter the insurer), issued a policy of life insurance on the life of James F. Hydell (hereinafter the insured) in the amount of $500,000. The beneficiary of the policy is the plaintiff, Elizabeth Hydell. Mr. Hydell disappeared in October 18, 1986, and has not been seen or heard from since that date. By letter dated September 17, 1992, the plaintiff made a claim for death benefits under the policy. The plaintiff continued to pay the premiums on the policy through September 1992 and commenced this action to recover the death benefits under the policy on or about October 9, 1992.

In the meantime, the defendant received information in 1989 and 1991 from one Robert Bering that the insured had misrepresented material information on his application for insurance. The defendant neither investigated this information nor attempted to rescind the policy at those respective times. By decree dated February 14, 1994, Surrogate's Court, Richmond County (D'Arrigo, S.), *inter alia,* declared James Hydell dead as of October 18, 1986. In its March 1994 answer to the complaint, the defendant asserted a counterclaim for rescission of the policy based upon the insured's material misrepresentations in his application. The Supreme Court denied the plaintiff's motion for summary judgment dismissing the counterclaim, and we affirm.

In accordance with Insurance Law § 3203, the policy of insurance herein contained a clause which prohibited the insurer from attempting to void the policy for any reason (other than nonpayment of premium) after the policy "has been in force during the insured's lifetime for 2 years from the Issue Date". It is well settled that when death occurs during this two-year period the right to contest is a continuing one (*see, Simon v Government Empls. Life Ins. Co.,* 79 AD2d 705; *Kosierowski v Madison Life Ins. Co.,* 31 AD2d 930; *Berger v United States Life Ins. Co.,* 158 AD2d 440). It is also well settled that an insurer's continued acceptance of premiums after learning of an event which allows for cancellation of the policy will result in a waiver of the right to rescind (*see, Continental Ins. Co. v Helmsley Enters.,* 211 AD2d 589; *Zeldman v Mutual Life Ins. Co.,* 269 App Div 53). The plaintiff argues that the defendant waived its right to rescind because it did not exercise this right after it became aware of Bering's information.

However, the plaintiff's argument fails to recognize that Ber-

ing's information was provided in 1989 and 1991, which was *after* the two-year period of contestability had already passed. Accordingly, even if the insured had made material misrepresentations on his application, the insurer's knowledge of those misrepresentations after the two-year period had passed could not form the basis of an "event allowing for the cancellation of the policy" (*Continental Ins. Co. v Helmsley Enters., supra,* at 589). Indeed, even if the insurer had investigated Bering's information and found it to be completely accurate with respect to the alleged misrepresentations, it did not have a contractual right to rescind the policy at that time unless it *could have simultaneously concluded* that the insured had in fact died within the two-year period of contestability. However, the insurer could not reach such a conclusion until the February 1994 decree from the Surrogate's Court which declared the insured dead as of October 18, 1986 (*see,* EPTL 2-1.7).

Therefore, since the insurer's right to rescind did not come into being until February 1994, when it was aware of *both* the fact that the insured died within the period of contestability and the alleged misrepresentation, the insurer could not have intentionally waived its right to rescind before that time (*see generally, Werking v Amity Estates,* 2 NY2d 43). Santucci, J. P., Joy, Friedmann and Luciano, JJ., concur.