■ ANTHONY SCALIA, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, et al., Defendant. [673 NYS2d 730] —In an action to obtain disability benefits pursuant to a disability income insurance policy, the defendant Equitable Life Assurance Society of the United States appeals from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated September 22, 1997, as dismissed its third defense and its first and second counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The record supports the Supreme Court's determination that the defendant Equitable Life Assurance Society of the United States (hereinafter Equitable) waived its right to rescind the disability income insurance policy, by continuing to accept premium payments after it gained sufficient knowledge of the alleged misrepresentations upon which it claims to have relied when issuing the policy. It is well settled that the continued acceptance of premiums by the carrier after learning of facts which allow for rescission of the policy, constitutes a waiver of, or more properly an estoppel against, the right to rescind (*see, Bible v John Hancock Mut. Life Ins. Co.,* 256 NY 458, 462; *Hydell v North Atl. Life Ins. Co.,* 246 AD2d 511; *Continental Ins. Co. v Helmsley Enters.,* 211 AD2d 589; *Weiner v Government Empls. Ins. Co.,* 52 AD2d 844, 845). Equitable's "claimed attempt to both accept premiums and reserve its right to rescind is unenforceable for lack of mutuality and timeliness" (*Continental Ins. Co. v Helmsley Enters., supra,* at 589).

We have considered the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.