■■■ GEORGE M. KLAPAN et al., Respondents, v DRYDEN MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant. (Appeal No. 2.) [701 NYS2d 192] —Order unanimously reversed on the law without costs, motion granted in part, complaint dismissed in part and cross motion denied in accordance with

the following Memorandum: Following a fire in December 1995, plaintiffs commenced this action to recover under a homeowner's policy issued by defendant Dryden Mutual Insurance Company (Dryden) to plaintiff George M. Klapan. Dryden disclaimed coverage because George sold the property to plaintiff Marko Klapan before the fire and neither Marko nor his wife, plaintiff Nellie Klapan, were named insureds. The complaint alleges that, after title was transferred, defendant Richard L. Crump Agency, Inc. (Crump), as the general agent of Dryden, failed to add Marko and Nellie as additional insureds. The complaint contains causes of action for breach of contract and wrongful denial of coverage and states a claim for negligence.

Following a hearing, Supreme Court granted the cross motion of Marko and Nellie to reform the insurance policy to name them as additional insureds. That was error. When the policy was issued to George in 1989, he was the sole owner of the property, and the policy was properly issued to him. When the policy was renewed on September 6, 1994, George was still the sole owner of the property. A written instrument that accurately reflected the intention of the parties when it was executed is not subject to reformation (*see, Chimart Assocs. v Paul,* 66 NY2d 570, 573-574). Because neither Marko nor Nellie is a named insured, the court erred in denying Dryden's summary judgment motion with respect to them and in failing to dismiss the complaint with the exception of the negligence claim. The contention of Dryden that it is not responsible for the alleged negligence of Crump is made for the first time on appeal and is not properly before us (*see, Walker v Huber,* 254 AD2d 734; *Curry v County of Erie,* 233 AD2d 957). (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.