■ MARCIA S. WASSERMAN, Respondent-Appellant, v PAUL REVERE LIFE INSURANCE COMPANY, Appellant-Respondent. [735 NYS2d 408] —In an action, *inter alia*, to recover the proceeds of a disability insurance policy, the defendant appeals from so much of an order of the Supreme Court, Nassau County (War-

shawsky, J.), dated August 17, 2000, as denied its motion for summary judgment (a) on its first three counterclaims seeking, *inter alia*, rescission of the subject insurance policy and a declaration that the policy is rescinded and is null and void, and (b) dismissing the complaint, and granted the plaintiff's cross motion for leave to amend the complaint, and the plaintiff cross-appeals from so much of the same order as denied her cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, the cross motion is denied, the complaint is dismissed, the remaining counterclaims are severed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the subject insurance policy is rescinded and is null and void; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the plaintiff's contention, the defendant submitted sufficient evidence to establish as a matter of law that the plaintiff made material misrepresentations on her application for disability insurance (*see, Belesi v Connecticut Mut. Life Ins. Co.,* 272 AD2d 353; *Hydell v North Atl. Life Ins. Co.,* 246 AD2d 511; *see also,* Insurance Law § 3105 [b]). In response, the plaintiff failed to demonstrate the existence of any material issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). The plaintiff's contention that the questions on the subject policy's application were ambiguous is without merit (*see, Gentile v Continental Am. Life Ins. Co.,* 215 AD2d 626).

Since the defendant sought a declaratory judgment in its counterclaims, the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the subject insurance policy is rescinded and is null and void (*see, Lanza v Wagner,* 11 NY2d 317, *appeal denied* 371 US 74, *cert denied* 371 US 901).

The plaintiff's remaining contention is without merit. Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.