In an action for a judgment declaring that the defendant Allstate Insurance Company is obligated to defend and/or indemnify the defendants County Wide Realty Equities, Ltd., and James De Luise in an underlying personal injury action entitled Briggs v County Wide Realty Equities, pending in the Supreme Court, Westchester County, under Index No. 120038/96, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered August 26, 2002, which denied their motion, inter alia, for summary judgment and granted the cross motion of the defendant Allstate Insurance Company for summary judgment.
Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant Allstate Insurance Company is not obligated to defend and/or indemnify the defendants County Wide Realty Equities, Ltd., and James De Luise in the underlying personal injury action.
The defendant Allstate Insurance Company (hereinafter Allstate) demonstrated prima facie that it was not obligated to defend and/or indemnify the defendants County Wide Realty Equities, Ltd. (hereinafter County Wide) and James De Luise (hereinafter De Luise) pursuant to an insurance policy that purportedly covered certain residential property owned by County Wide. Adlstate issued the insurance policy to the prior owners of the property, Ronald Margaglio and Kathleen Margaglio, and it was unaware that the Margaglios transferred the property to County Wide or De Luise. Accordingly, under the clear and unambiguous terms of the insurance policy, the Margaglios possessed the only insurable interest with respect to *393 the property (see Government Empls. Ins. Co. v Kligler, 42 NY2d 863 [1977]; Raino v Navigators Ins. Co., 268 AD2d 419 [2000]; Truncali v Fireman’s Fund Ins. Co., 208 AD2d 826 [1994]; Matter of Metropolitan Prop. & Liab. Co. v Feduchka, 135 AD2d 715 [1987]; see also Klapan v Dryden Mut. Ins. Co., 267 AD2d 1010 [1999]; Pascal v Nova Cas. Co., 226 AD2d 688 [1996]).
In opposition to Allstate’s cross motion for summary judgment, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The plaintiffs failed to produce any evidence to demonstrate that Allstate waived its right to disclaim coverage to County Wide or De Luise by knowingly accepting premium payments from them (cf. Scalia v Equitable Life Assur. Socy. of U.S., 251 AD2d 315 [1998]; Hydell v North Atl. Life Ins. Co., 246 AD2d 511 [1998]; Continental Ins. Co. v Helmsley Enters., 211 AD2d 589 [1995]).
In addition, the plaintiffs failed to demonstrate that the Supreme Court should have granted that branch of its motion which was to strike Allstate’s answer pursuant to CPLR 3126. The plaintiffs failed to satisfy their burden of proving that Allstate willfully and contumaciously withheld documents and defied a discovery order (see Patterson v New York City Health & Hosps. Corp., 284 AD2d 516 [2001]; Vancott v Great Atl. & Pac. Tea Co., 271 AD2d 438 [2000]; Parish Constr. Corp. v Franlo Tile, 215 AD2d 545 [1995]).
Since this is an action for a declaratory judgment, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that Allstate was not obligated to defend and/or indemnify County Wide and De Luise in the underlying personal injury action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Ritter, J.P., Florio, S. Miller and Luciano, JJ., concur.