[972 NE2d 103, 948 NYS2d 862]

ADMIRAL INSURANCE COMPANY, Respondent-Appellant, v JOY
CONTRACTORS, INC., et al., Respondents, and NEW YORK
CRANE & EQUIPMENT COMPANY, Appellant-Respondent.

Argued April 25, 2012; decided June 12, 2012

**POINTS OF COUNSEL**

*Gordon & Silber, P.C.*, New York City (*Jon D. Lichtenstein* of counsel), for appellant-respondent. I. New York Crane & Equipment Company is an additional insured on the Lincoln General Insurance Company and Admiral Insurance Company policies. (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 64 AD3d 461; *New York City Hous. Auth. v Merchants Mut. Ins. Co.*, 44 AD3d 540; *BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708; *Worth Constr. Co. Inc. v Admiral Ins. Co.*, 40 AD3d 423; *Travelers Indem. Co. v Commerce & Indus. Ins. Co. of Can.*, 36 AD3d 1121; *Morse Diesel Intl. v Olympic Plumbing & Heating Corp.*, 299 AD2d 276; *Palanquet v Weeks Mar., Inc.*, 333 F Supp 2d 58; *Murray Oil Prods. v Royal Exch. Assur. Co.*, 21 NY2d 440; *Kurek v Port Chester Hous. Auth.*, 18 NY2d 450; *Matter of Schmith*, 19 NY2d 398.) II. Admiral Insurance Company and Lincoln General Insurance Company waived the right to assert the employee exclusion; Lincoln waived the right to assert the professional liability exclusion. (*Preserver Ins. Co. v Ryba*, 10 NY3d 635; *American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau*, 265 AD2d 49; *Columbia Cas. Co.*

*v National Emergency Servs.*, 282 AD2d 346; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185; *Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84.) III. Admiral Insurance Company's thirteenth cause of action seeking to deny coverage pursuant to the professional services exclusion should have been dismissed. (*A.J. Sheepskin & Leather Co. v Colonia Ins. Co.*, 273 AD2d 107; *Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 35 AD3d 253; *Lufthansa Cargo, AG v New York Mar. & Gen. Ins. Co.*, 40 AD3d 444; *QBE Ins. Corp. v Brown & Mitchell, Inc.*, 591 F3d 439; *Thermo Terratech v GDC Enviro-Solutions, Inc.*, 265 F3d 329.)

*Coughlin Duffy LLP*, New York City (*Justin N. Kinney* and *Michael S. Chuven* of counsel), for respondent-appellant. I. The lower courts incorrectly dismissed Admiral Insurance Company's sixth, seventh, ninth and tenth causes of action as against defendants other than Joy Contractors, Inc. (*Lufthansa Cargo, AG v New York Mar. & Gen. Ins. Co.*, 40 AD3d 444; *BMW Fin. Servs. v Hassan*, 273 AD2d 428; *Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120; *Sirius Am. Ins. Co. v Burlington Ins. Co.*, 81 AD3d 562; *Harper, Inc. v City of Newburgh*, 159 App Div 695; *Walker v Walker*, 67 AD3d 1373; *County of Orange v Grier*, 30 AD3d 556; *Precision Auto Accessories, Inc. v Utica First Ins. Co.*, 52 AD3d 1198, 11 NY3d 709; *Taradena v Nationwide Mut. Ins. Co.*, 239 AD2d 876; *Metzger v Aetna Ins. Co.*, 227 NY 411.) II. The lower courts misinterpreted the Lincoln General Insurance Company policy to conclude that the LLC exclusion did not apply to preclude coverage for the LLC defendants. (*United States Fid. & Guar. Co. v Shorenstein Realty Servs., L.P.*, 700 F Supp 2d 1003; *County of Columbia v Continental Ins. Co.*, 83 NY2d 618; *Makan Exports, Inc. v U.S. Underwriters Ins. Co.*, 43 AD3d 883; *McGinley v Odyssey Re [London]*, 15 AD3d 218; *Cragg v Allstate Indem. Corp.*, 17 NY3d 118; *BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708; *Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46, 66 NY2d 1020.) III. The First Department improperly rejected Admiral Insurance Company's expert evidence and failed to apply the well-settled summary judgment standards to declare the residential construction activities exclusion inapplicable. (*People v Miller*, 91 NY2d 372; *People v Jones*, 73 NY2d 427; *Cassano v Hagstrom*, 5 NY2d 643; *De Long v County of Erie*, 60 NY2d 296; *People v Reynolds*, 193 Misc 2d 697, 307 AD2d 391; *Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84; *Matter of Di Milia v Bennett*, 149 AD2d 592; *Jewish Bd. of Family & Children's Servs. v Zoning Bd. of Appeals of Vil. of Brightwaters*, 73 NY2d 734; *Matter of*

*Beekman Hill Assn. v Chin,* 274 AD2d 161; *Ugarriza v Schmieder,* 46 NY2d 471.) IV. The First Department correctly concluded that New York Crane & Equipment Company was not an insured under the Admiral Insurance Company excess policy. (*Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.,* 5 AD3d 198; *Greaves v Public Serv. Mut. Ins. Co.,* 5 NY2d 120; *Morgan v Greater N.Y. Taxpayers Mut. Ins. Assn.,* 305 NY 243; *Margan v Niles,* 250 F Supp 2d 63; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co.,* 53 AD3d 140; *Penske Truck Leasing Co. v Home Ins. Co.,* 251 AD2d 478.) V. The lower courts correctly ruled that Admiral Insurance Company is not estopped and did not waive its right to disclaim coverage based on the employer's liability and professional services exclusion. (*Richard J. Principi, Inc. v Richard J. Novak, Ltd.,* 271 AD2d 591; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Preserver Ins. Co. v Ryba,* 10 NY3d 635; *Columbia Cas. Co. v National Emergency Servs.,* 282 AD2d 346; *QBE Ins. Corp. v Brown & Mitchell, Inc.,* 591 F3d 439; *A.J. Sheepskin & Leather Co. v Colonia Ins. Co.,* 273 AD2d 107; *Robbins v Michigan Millers Mut. Ins. Co.,* 236 AD2d 769; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Automobile Ins. Co. of Hartford v Cook,* 7 NY3d 131; *Incorporated Vil. of Cedarhurst v Hanover Ins. Co.,* 89 NY2d 293.)

*Schoenfeld Moreland, P.C.,* New York City (*Richard M. Kuntz* and *Eric B. Schoenfeld* of counsel), for Lincoln General Insurance Company, respondent. I. New York Crane & Equipment Company does not qualify as an additional insured under the Lincoln General Insurance Company policy. (*Chase Manhattan Bank v Travelers Group,* 269 AD2d 107; *Moleon v Kreisler Borg Florman Gen. Constr. Co.,* 304 AD2d 337; *National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 33 AD3d 570; *Topor v Erie Ins. Co.,* 28 AD3d 1199; *Hiraldo v Allstate Ins. Co.,* 8 AD3d 230; *Stasack v Capital Dist. Physicians' Health Plan,* 290 AD2d 866; *Jones v St. Paul Fire & Mar. Ins. Co.,* 295 AD2d 569; *Mazzola v County of Suffolk,* 143 AD2d 734; *Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 64 AD3d 461; *New York City Hous. Auth. v Merchants Mut. Ins. Co.,* 44 AD3d 540.) II. The Supreme Court and the Appellate Division correctly determined that Insurance Law § 3420 (d) does not operate as a statutory waiver of application of policy exclusions, as the Lincoln General Insurance Company policy was issued to a New Jersey insured. (*Preserver Ins. Co. v Ryba,* 10 NY3d 635.)

*Clyde & Co US LLP*, New York City (*Sarah H. Mitchell, Paul R. Koepff* and *Heather Berger* of counsel), for James Kennelly and others, respondents. I. The lower courts correctly ruled that the Admiral Insurance Company policy is valid and binding as to East 51st Street. (*Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120; *Morgan v Greater N.Y. Taxpayers Mut. Ins. Assn.*, 305 NY 243; *City of Albany v Standard Acc. Ins. Co.*, 7 NY2d 422; *BP A.C. Corp. v One Beacon Ins. Group*, 33 AD3d 116, 8 NY3d 708; *Broquedis v Employers Mut. Liab. Ins. Co. of Wis.*, 45 AD2d 591; *Handelsman v Sea Ins. Co.*, 85 NY2d 96; *Morse Diesel Intl. v Olympic Plumbing & Heating Corp.*, 299 AD2d 276; *Compania Transatlantica Espanola, S.A. v Hartford Acc. & Indem. Co.*, 748 F Supp 214; *Lufthansa Cargo, AG v New York Mar. & Gen. Ins. Co.*, 40 AD3d 444; *BMW Fin. Servs. v Hassan*, 273 AD2d 428, 95 NY2d 767.) II. The lower courts correctly ruled that the "LLC exclusion" did not bar coverage to East 51st Street. (*242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.*, 31 AD3d 100; *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640.) III. The First Department correctly held that the residential construction activities exclusion does not bar coverage. (*Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84; *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640; *Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377; *Brend Contr. Corp. v United Natl. Ins. Co.*, 13 Misc 3d 1218; *Estee Lauder Inc. v OneBeacon Ins. Group, LLC*, 62 AD3d 33; *Batista v Rivera*, 5 AD3d 308; *Dalton v Educational Testing Serv.*, 87 NY2d 384; *Zuckerman v City of New York*, 49 NY2d 557; *Moore v True N. Communications*, 1 AD3d 175; *Barker v St. Barnabas Hosp.*, 305 AD2d 130.)

*Gallo Vitucci & Klar*, New York City (*Chad E. Sjoquist* of counsel), for Reliance Construction Ltd. doing business as RCG Group Ltd., respondent. I. Reliance Construction Ltd. doing business as RCG Group Ltd. is entitled to coverage under the Admiral Insurance Company policy notwithstanding any misstatement by Joy Contractors, Inc. since each insured is treated separately pursuant to clear New York law. (*Wenig v Glens Falls Indem. Co.*, 294 NY 195; *Morgan v Greater N.Y. Taxpayers Mut. Ins. Assn.*, 305 NY 243; *Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120; *Lufthansa Cargo, AG v New York Mar. & Gen. Ins. Co.*, 40 AD3d 444; *BMW Fin. Servs. v Hassan*, 273 AD2d 428, 95 NY2d 767; *233 E. 17th St., LLC v L.G.B. Dev., Inc.*, 78 AD3d 930; *Sirius Am. Ins. Co. v Burlington Ins. Co.*, 81 AD3d 562; *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663; *Department of Welfare of City of N.Y. v Siebel*, 6 NY2d 536; *People v Bourne*,

139 AD2d 210.) II. Admiral Insurance Company's seventh, ninth
and tenth causes of action were properly dismissed because the
nature of Joy Contractor, Inc.'s work is irrelevant to Admiral's
entitlement to coverage. (*Chimart Assoc. v Paul*, 66 NY2d 570;
*Kiss Constr. NY, Inc. v Rutgers Cas. Ins. Co.*, 61 AD3d 412; *Cu-
sack v American Defense Sys., Inc.*, 86 AD3d 586; *Schwartz v
National Computer Corp.*, 42 AD2d 123.) III. The record on ap-
peal conclusively establishes that the subject building was being
constructed as a mixed use structure with nonresidential space.
(*Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334; *Bovis
Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d
84; *Alvarez v Prospect Hosp.*, 68 NY2d 320; *Cassano v Hag-
strom*, 5 NY2d 643; *Lopez v Fordham Univ.*, 69 AD3d 532; *Flem-
ing v Pedinol Pharmacal, Inc.*, 70 AD3d 422; *Browder v New
York City Health & Hosps. Corp.*, 37 AD3d 375; *Nandlal v City
of New York*, 66 AD3d 653; *O'Lear v Alvarado*, 15 AD3d 637; *De
Long v County of Erie*, 60 NY2d 296.)

## OPINION OF THE COURT

READ, J.

A tower crane operated by defendant Joy Contractors, Inc.,
collapsed on March 15, 2008 during construction of a luxury
high-rise condominium at 303 East 51st Street in Manhattan,
killing seven people and injuring dozens, damaging several
buildings and destroying one. A tower crane is a type of lifting
device which utilizes a vertical mast or tower topped by a hori-
zontal structure that is either fixed (a jib) or moveable up and
down (a boom) in an elevated position (*see* 29 CFR 1926.1401).
For the period from June 21, 2007 through June 21, 2008, Joy
carried a comprehensive general liability (CGL) policy with de-
fendant Lincoln General Insurance Company, with coverage up
to $1 million per occurrence and an aggregate limit of $2 mil-
lion; and a follow-form excess policy with plaintiff Admiral In-
surance Company, with limits of $9 million for each loss event
and in the aggregate, for a deposit premium of $22,000.

Admiral, which received notice of the crane accident on March
17, 2008, notified Joy of several coverage issues in a reservation-
of-rights letter dated March 27, 2008, and requested more infor-
mation. On April 25, 2008, Admiral sent similar reservation-of-
rights letters to Reliance Construction Ltd., doing business as
RCG Group Ltd., the general contractor on the project; the
tower crane's lessor, New York Crane & Equipment Company,
Inc.; and the building's owners/developers.

In its March 27th letter to Joy, Admiral "denie[d] any present obligation" to indemnify Joy because no claims had yet been made or lawsuits brought, and the CGL policy had not been exhausted. Notably, Admiral reserved its right to deny coverage on the ground the accident occurred during "residential construction activities," which are excluded under a provision in the excess policy stating that

"[t]his insurance does not apply to liability, injury or damage of any kind, including costs and expenses, arising out of, resulting from, caused or contributed to by any past, present or future 'residential construction activities' performed by or on behalf of any 'insured' or others.

"For the purposes of this endorsement, 'residential construction activities' means any work or operations related to the construction of single-family dwellings, multi-family dwellings, condominiums, townhomes, townhouses, cooperatives and/or apartments."

Admiral further warned that there might be no coverage "based on . . . inaccuracies . . . identified in [Joy's] underwriting submission, which could render [the excess policy] void and/or be a breach of conditions precedent to coverage." In particular, Admiral claimed that Joy had represented that it specialized in drywall installation, did not carry out exterior work and performed no work at a level above two stories in height from grade other than drywall interior work, whereas "[b]ased on the information [that Admiral had] to date," Joy was actually the structural concrete contractor, performing work on the building's entire exterior with the tower crane.

On May 30, 2008, after further investigation, Admiral sent letters to Joy, Reliance, New York Crane and the owners/developers to deny coverage for claims arising out of the accident, based in part upon the residential construction activities exclusion. On June 9, 2008, Admiral brought this lawsuit against these same entities, all of which claim coverage under the excess policy as "additional insureds" within the meaning of the CGL policy, and Lincoln, asserting numerous causes of action and seeking a declaration of no coverage. Admiral and defendants subsequently filed various motions and cross motions, which Supreme Court disposed of in a decision filed on June 25, 2009.

Supreme Court denied Admiral's motion for summary judgment on its cause of action pursuant to the exclusion in the excess policy for residential construction activities, but also denied defendants' motions to dismiss that cause of action. The judge observed that although it was "undisputed" that a "condominium tower" was being constructed, there was conflicting evidence as to whether the "building was intended to be strictly residential" or was "mixed-use"; therefore, "there remain[ed] material questions of fact" on this subject, which had not yet been explored in examinations before trial.

Next, the judge dismissed against Reliance and the owners/developers (having granted Admiral summary judgment declaring that New York Crane did not qualify as an additional insured) those causes of action related to Admiral's assertion that Joy made false statements in its underwriting submission. Relying on *Lufthansa Cargo, AG v New York Mar. & Gen. Ins. Co.* (40 AD3d 444 [1st Dept 2007]) and *BMW Fin. Servs. v Hassan* (273 AD2d 428 [2d Dept 2000], *lv denied* 95 NY2d 767 [2000]), Supreme Court opined that "[w]hatever the outcome is as to Joy," with respect to these causes of action,

> "any additional insured is provided with the full benefits of . . . coverage. Should it be determined at some later date that Reliance and/or the owners are additional insureds under the excess policy, any of Joy's alleged misrepresentations would have no effect on their coverage" (citations omitted).

As relevant to this appeal, Supreme Court also dismissed Admiral's cause of action asserting that the LLC exclusion in the CGL policy precluded coverage of those owners/developers (all but one of them) that are limited liability companies; as previously touched on, decided that New York Crane was not an "additional insured" under endorsements in the CGL; held that former section 3420 (d) (2) of the Insurance Law, requiring timely written disclaimer of liability or denial of coverage, was not a defense to Admiral's lawsuit; denied motions and cross motions to dismiss Admiral's cause of action seeking a declaration of no coverage on the ground the injuries sustained in the accident did not arise from Joy's acts or omissions; denied motions and cross motions to dismiss Admiral's cause of action seeking a declaration of no coverage as to Joy for claims by its employees in light of the CGL policy's employer's liability exclusion; and denied motions and cross motions to dismiss Admiral's

cause of action seeking a declaration of no coverage for bodily injury or property damage arising out of the rendering or failure to render professional services in light of the professional services exclusions in the CGL and excess policies.

In a decision and order entered on February 17, 2011, the Appellate Division modified by declaring that the residential construction activities exclusion was inapplicable, and otherwise affirmed (81 AD3d 521 [1st Dept 2011]). In the court's opinion, "[t]he evidence overwhelmingly indicate[d] that, at the time of the accident, the building was intended to be a mixed-use structure, not a purely residential one" (*id.* at 522). In particular, "[t]his evidence include[d] references to 'storefronts' in various documents, correspondence in which the New York City Department of Buildings confirm[ed] that the building to be constructed [was] a 'mixed use' structure, and the affidavits by two people associated with the project" (*id.*). The Appellate Division rejected the contrary view expressed by Admiral's engineering expert because "he lacked personal knowledge of the project, and his speculative conclusions [were] insufficient to overcome the evidence of mixed-use intent" (*id.*). Upon New York Crane's motion and Admiral's cross motion, the Appellate Division on July 14, 2011 granted leave to appeal, certifying the following question to us: "Was the order of the Supreme Court, as modified by this Court, properly made?"

### The Residential Construction Activities Exclusion

■ Admiral correctly states that an expert's opinion need not be based upon personal knowledge (*see* Prince, Richardson on Evidence § 7-308; *People v Miller*, 91 NY2d 372, 379 [1998], citing Fisch, New York Evidence § 429, at 280 [2d ed] [an "expert witness may base his opinion on facts which are not within his personal knowledge"]). An expert may instead ground his opinion on facts in evidence, as was the case here (*see Cassano v Hagstrom*, 5 NY2d 643, 646 [1959] ["opinion evidence must be based on facts in the record or personally known to the witness"]). Consequently, the Appellate Division erred by disregarding the affidavit of Admiral's engineering expert on the basis that "he lacked personal knowledge of the project," rendering his conclusions "speculative" (81 AD3d at 522).

■ Next, the Appellate Division relied upon affidavits submitted by defendants, but to the extent these conflicted with the affidavit of Admiral's expert, the court should not have made credibility determinations. Further, evidence presented on the

motion and cross motions requires interpretation and factual findings—i.e., whether references in documents to "storefronts" literally mean the entrances to commercial spaces or, as Admiral's engineering expert averred, a construction style, or what various construction drawings denote.

Defendants stress the owners/developers' intent at various times, but intent does not control whether the excess policy afforded coverage. Joy purchased insurance that excluded residential construction activities; if Joy nevertheless was engaged in residential construction, there is no coverage. Contrariwise, there is concededly coverage for construction of a residential building with commercial or retail space (i.e., a "mixed-use" building) because of the endorsement's definition of "residential construction activities." The factual dispute over the nature of the construction in this case can only be resolved with reference to what defendants were actually building (*see e.g. Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84, 94 [2005] [resolving a dispute as to whether a residential exclusion applied by looking to the construction contract]). In sum, there are material issues of fact in this case as to whether the high-rise building under construction was residential or "mixed-use."

### The Causes of Action Related to Joy's Alleged False Statements

Admiral asserted four causes of action seeking relief with respect to the coverage claims of Reliance, New York Crane and the owners/developers, which the lower courts considered to be unaffected by Joy's alleged misrepresentations in its underwriting submission. These causes of action requested rescission of the excess policy (the sixth cause of action) or, in the alternative, its reformation to conform retroactively with such terms as might have been offered if Joy had responded accurately to the questions and inquiries posed to it by Admiral during the underwriting process (the ninth cause of action); a declaration that the excess policy was void, consistent with the policy condition providing for this in the event of fraud and/or misrepresentation by Joy relating to the policy (the seventh cause of action); and a declaration that the claims arising from the crane accident were not within the scope of coverage afforded by the CGL and excess policies (the tenth cause of action).

The lower courts dismissed these causes of action against Reliance and the owners/developers solely on the basis of the Appellate Division's decisions in *BMW Fin. Servs.* and *Lufthansa*

*Cargo, AG.* These cases, in turn, relied on *Morgan v Greater N.Y. Taxpayers Mut. Ins. Assn.* (305 NY 243 [1953]) and *Greaves v Public Serv. Mut. Ins. Co.* (5 NY2d 120 [1959]). Notably, however, the insurers in *Morgan* and *Greaves* did not seek rescission—i.e., they made no claim that the policies at issue were void ab initio because of material misrepresentation, as Admiral does here. Instead, we were asked in those cases to interpret provisions of policies that everyone agreed were valid and effective.

In *Morgan*, for example, we considered whether an assault and battery committed by one insured would preclude coverage under a public liability policy for an innocent co-insured, who was the business partner of the insured who committed the assault. The plaintiff, who held an unsatisfied judgment for damages for personal injuries as a result of the assault, stood in the shoes of the innocent co-insured. We held that coverage was available as

> "[t]he proper view of the policy under consideration is that by it [the insurer] has undertaken *separate and distinct* obligations to the various assureds, named and additional . . . In short, since [the insurer] has undertaken separate obligations to each of the assureds, an assault committed by an assured relieves [the insurer] of its obligation to that particular assured but not of its obligations to the other assureds" (305 NY at 249).

The plaintiff in *Greaves* sought coverage for tort claims against him under an automobile liability policy issued to the employer of the employee he allegedly injured. There was no dispute that the plaintiff was an additional insured under this policy. The insurer denied him coverage, though, based on an exclusion for sickness, disease or death of "any employee of the insured" if benefits were payable or required under any workers' compensation law (5 NY2d at 123). The insurer insisted that the word "insured" in the exclusion referred to the named insured employer, and that since the injured employee was entitled to and received workers' compensation benefits, the exclusion applied to foreclose coverage to the plaintiff. Applying the rule of *Morgan*, we held that the exclusion had no effect as to the plaintiff because the injured employee was not his employee, and he was therefore not liable to this individual for workers' compensation benefits.

In the *BMW* case, BMW Financial Services (BMW) leased a vehicle to Khaldoon and Khaled Hassan on the condition that they obtain a policy naming it as an additional insured. Instead, the Hassans persuaded Khaldoon's parents to insure the vehicle under their automobile insurance policy with New York Central Mutual. To that end, the parents represented to the insurance company that they had leased the vehicle from BMW and that Khaldoon was an additional driver residing with them. The policy listed BMW as the owner/lessor of the vehicle and named it as an additional insured. Following the car's theft, New York Central Mutual disclaimed coverage to both the parents and BMW on the ground that the parents had no insurable interest in the car.

BMW sought coverage under the policy, and the Appellate Division held that BMW, as the owner of the vehicle, had an insurable interest for which the insurer provided coverage and therefore it was irrelevant that the principal insureds had misrepresented their own interest. Thus, in *BMW* the insurer was aware of the subject matter of the insurance (the car) and BMW's interest in it, and specifically agreed to insure that interest. Indeed, the policy listed BMW as the owner/lessor and as an additional insured.

In *Lufthansa*, Lufthansa Cargo (Lufthansa) was named as an additional insured under a commercial insurance policy issued to Century Motor Leasing, with which Lufthansa contracted for trucking services (*see* 2006 NY Slip Op 30678[U] [2006]). Century had represented to the insurer that a driver who had a previous conviction for driving while intoxicated would not be driving for Century. In fact, though, this driver drove the truck and was injured in a single-vehicle accident. He sued Lufthansa, alleging that it was negligent in loading the truck. In a memorandum decision, the Appellate Division opined that even though the policy was void as to Century on account of its misrepresentation, " 'each individual additional insured . . . must be treated as if separately covered by the policy and indeed as if he . . . had a separate policy of his own' " (*Lufthansa*, 40 AD3d at 445, quoting *Greaves*, 5 NY2d at 124). As in *BMW*, Lufthansa was named in the policy as an additional insured.

In short, in both *BMW* and *Lufthansa* the named insureds' misrepresentations did not deprive the insurer of knowledge of or the opportunity to evaluate the risks for which it was later asked to provide coverage—i.e., the risk of damages arising

from automobile theft (*BMW*) and accident (*Lufthansa*). Further, both BMW and Lufthansa were named as additional insureds on the relevant policies as separate parties so their interests were known to the insurers.

This is in no way comparable to what happened here, accepting Admiral's allegations about Joy's misrepresentations to be true, as we must on these motions. Admiral evaluated the risk of, and collected a premium for, providing excess insurance for interior drywall installation, not the obviously much greater risk presented by exterior construction work with a tower crane at a height many stories above grade. And as Admiral puts it, the only additional insureds it "could have contemplated would [have been] entities associated with projects on which [Joy] was performing interior drywall work and . . . the risk associated with them would [have been] limited to liability caused by acts or omissions of [Joy] in performing drywall work."

■ While *BMW* and *Lufthansa* are thus distinguishable from *Greaves* and *Morgan*, we do not endorse their holdings to the extent they may be read to extend the holding of *Morgan* and *Greaves* to cases where an insurer seeks rescission (*see e.g. Sirius Am. Ins. Co. v Burlington Ins. Co.*, 81 AD3d 562, 563 [1st Dept 2011] [even if a contractor not named in the insurance policy as a named or additional insured demonstrates a triable issue of fact as to whether it was a covered insured under the policy, this "would have been unavailing as the policy was void ab initio on account of material misrepresentations made by (its insured) in the application process to procure the insurance"]). As Admiral points out, the lower courts' decisions dismissing its sixth cause of action seeking rescission as against all defendants except Joy illogically "leaves in place [the excess policy] to be enforced by other parties even if [this policy] ultimately is rescinded. In effect, these other parties [would be] permitted to rely on the terms of a policy that . . . may be deemed never to have existed to create coverage" in the first place. In short, "additional" insureds, by definition, must exist in addition to *something*; namely, the named insureds in a valid existing policy.

Finally, neither *Morgan* and *Greaves* nor *BMW* and *Lufthansa* addressed (much less preclude) claims, as asserted here by Admiral, for reformation or for declarations based on an express policy condition regarding fraud or misrepresentations, or the scope of coverage properly afforded under a policy. Thus, Admiral's other claims related to Joy's alleged misrepresentations in its underwriting submission (the seventh, ninth and

tenth causes of action) are properly interposed against Reliance and the owners/developers as well as against Joy.

## Remaining Issues

■ Finally, we conclude, solely for the reason put forward by Supreme Court, that the LLC exclusion does not foreclose coverage of those owners/developers that are limited liability companies: the CGL policy's language is ambiguous as to whether the exclusion precludes from coverage any limited liability company not shown as a named insured in the CGL policy's declarations (Admiral's view) or only limited liability companies (if any) acquired or formed during the contract period (the position taken by the owners/developers); consequently, this provision should be construed in the owners/developers' favor. We have reviewed and consider to be without merit the other arguments pressed by defendants on this appeal.

Accordingly, the order of the Appellate Division should be modified, without costs, in accordance with this opinion and, as so modified, affirmed, and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order modified, etc.