The decision and order of this Court entered herein on April 9, 2013 (2013 NY Slip Op 02344[U] [2013]) is hereby recalled and vacated.

█ STRAUSS PAINTING, INC., Respondent-Appellant, v MT. HAWLEY INSURANCE COMPANY, Appellant-Respondent, and METROPOLITAN OPERA ASSOCIATION, INC., Respondent-Appellant. [963 NYS2d 197]—

Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J.), entered November 4, 2011, which granted Mt. Hawley Insurance Company's (Mt. Hawley) motion for summary judgment declaring that it has no obligation to defend or indemnify plaintiff in the underlying personal injury action, granted defendant Metropolitan Opera Association, Inc.'s (the Met) motion for summary judgment declaring that Mt. Hawley is obligated to defend and indemnify the Met in an underlying personal injury action, denied Mt. Hawley's cross motion for summary judgment declaring that it is not obligated to defend or indemnify the Met in the underlying action, and dismissed the Met's second and third cross claims against Mt. Hawley on the basis that they were abandoned; as amended by the order, same court and Justice, entered October 16, 2012, upon reargument, reinstating the Met's second and third cross

claims on the basis that they were not abandoned; as further amended by order, same court and Justice, entered October 16, 2012, upon reargument, declaring that Mt. Hawley's duty to defend and indemnify is conditioned upon a finding of negligence by plaintiff or those acting on plaintiff's behalf, unanimously modified, on the law, to (1) deny Mt. Hawley's motion for the dismissal of the complaint as against it upon the declaration that Mt. Hawley has no duty to defend and indemnify plaintiff, (2) to dismiss the Met's third cross claim against Mt. Hawley for expenses incurred in this action, (3) to delete that portion of the court's October 16, 2012 order upon reargument that conditioned Mt. Hawley's duty to defend and indemnify the Met upon a finding of negligence by plaintiff in the underlying action and to declare that Mt. Hawley's duty to defend the Met shall arise and be conditioned upon a finding of an act or omission by plaintiff or one acting on plaintiff's behalf, and otherwise affirmed, without costs.

The court properly determined that Mt. Hawley is obligated to defend and indemnify the Met in the underlying personal injury action. It is undisputed that there was a contract between plaintiff and the Met and that the contract required plaintiff to purchase insurance coverage naming the Met as an additional insured. It is also undisputed that plaintiff's commercial general liability (CGL) policy from Mt. Hawley contained an additional insured endorsement. The court correctly rejected Mt. Hawley's interpretation of the contract language, as it would be inconsistent with the terms of the contract and the policy (*Bruckmann, Rosser, Sherrill & Co., L.P. v Marsh USA, Inc.*, 87 AD3d 65, 70 [1st Dept 2011]).

The court also properly rejected Mt. Hawley's argument that it timely disclaimed coverage to the Met on the basis of late notice. The only letters sent by Mt. Hawley to the Met were those intended to preserve its right to disclaim. These letters were insufficient to actually disclaim coverage (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]).

The wording of the court's declaration that the Met is entitled to defense and indemnity in the underlying action must be altered, however, to exclude the necessity of a finding of negligence by plaintiff in the underlying action. The additional insured endorsement speaks in terms of "acts or omissions," not negligence. Thus, in the unlikely event that it would be found that some nonnegligent act by plaintiff caused the accident, the Met would still be entitled to coverage under the additional insured endorsement (*see Admiral Ins. Co. v Joy Contrs., Inc.*, 81 AD3d 521, 523 [1st Dept 2011], *mod on other grounds* 19 NY3d 448 [2012]).

The Met is not entitled to reimbursement of expenses incurred in this action (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324 [1995]).

The court properly found that Mt. Hawley is not required to defend and indemnify plaintiff in the underlying action. Plaintiff's notice of the accident to Mt. Hawley was untimely as a matter of law, and Mt. Hawley timely disclaimed coverage on that ground. Plaintiff's notice to its broker did not provide timely notice to Mt. Hawley. There is no indication that plaintiff's broker acted as an agent for Mt. Hawley or that the CGL policy listed plaintiff's broker as its agent (*cf. Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12 [1979]). Nor was plaintiff's alleged belief of nonliability reasonable under the circumstances (*see Hermitage Ins. Co. v JDG Lexington Corp.*, 99 AD3d 428 [1st Dept 2012]). Mt. Hawley was entitled to a declaration in its favor, but the complaint should not have been dismissed as against it (*see Lanza v Wagner*, 11 NY2d 317, 334, 340 [1962], *cert denied* 371 US 901 [1962]). Concur—Friedman, J.P., Moskowitz, DeGrasse, Richter and Gische, JJ.