McMahon-DeCarlo v Wickline (2024 NY Slip Op 00730)

McMahon-DeCarlo v Wickline

2024 NY Slip Op 00730

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1070 CA 23-00627

[*1]CURRY MCMAHON-DECARLO AND FREDERICK DECARLO, PLAINTIFFS-APPELLANTS,
v
ANDREW WICKLINE, M.D., DEFENDANT-RESPONDENT. 

ROBERT E. LAHM, PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (JONATHAN P. PILAT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered October 17, 2022. The order granted defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: In this medical malpractice action seeking damages for injuries Curry McMahon-DeCarlo (plaintiff) allegedly sustained after undergoing hip replacement surgery performed by defendant, plaintiffs appeal from an order that granted defendant's motion for summary judgment dismissing the complaint. We reverse.
Defendant had "the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017] [internal quotation marks omitted]). Supreme Court determined that defendant met his initial burden of establishing that he did not deviate or depart from the applicable standard of care, and plaintiffs do not challenge that determination on appeal. The court further determined that plaintiffs failed to raise triable issues of fact sufficient to defeat defendant's motion inasmuch as their expert failed to establish the qualifications to opine on the applicable standard of care and inasmuch as the expert's opinions with respect to defendant's alleged deviations from the standard of care were conclusory and speculative. We agree with plaintiffs that the court erred in its determination.
Contrary to the court's determination, we conclude that plaintiffs' expert laid an adequate foundation for their qualifications in orthopedic medicine. "[A] plaintiff's expert need not have practiced in the same specialty as the defendant[]" (Payne v Buffalo Gen. Hosp., 96 AD3d 1628, 1629 [4th Dept 2012]), and "any alleged lack of knowledge in a particular area of expertise goes to the weight and not the admissibility of the testimony" (Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1471 [4th Dept 2020] [internal quotation marks omitted]; see PJI 1:90). Here, plaintiffs' expert is board certified as a medical examiner, an orthopedic surgeon and an arthroscopic laser surgeon. The expert completed a residency in general and orthopedic surgery. The expert is now a clinical instructor of orthopedic surgery and a clinical assistant professor of orthopedic surgery. The expert is affiliated with four hospitals and previously served as the chair of the department of orthopedic surgery at one hospital. Thus, we conclude that plaintiffs' expert "had the requisite skill, training, education, knowledge or experience from which it can be assumed that [the expert's] opinion[ ] . . . [is] reliable" (Sanchez v Van Riper, 217 AD3d 1358, 1359 [4th Dept 2023] [internal quotation marks omitted]; see Leberman v Glick, 207 AD3d [*2]1203, 1205 [4th Dept 2022]).
We further agree with plaintiffs that the court erred in determining that the expert's opinion was conclusory and speculative. The expert's opinion was appropriately based in part on evidence in the record, i.e., plaintiff's medical records (see Stradtman, 179 AD3d at 1471; see generally Admiral Ins. Co. v Joy Contrs., Inc., 19 NY3d 448, 457 [2012]). Based on that information, plaintiffs' expert opined that defendant's actions fell "below the reasonable standards of medical care" when defendant failed to order the necessary imaging of plaintiff and that, as a result, defendant was negligent when he performed the wrong surgery, causing a worsening of plaintiff's condition. We therefore conclude that plaintiffs raised triable issues of fact and that the court erred in granting the motion.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court