Associated Indus. Ins. Co., Inc. v Farahnik (2025 NY Slip Op 03760)

Associated Indus. Ins. Co., Inc. v Farahnik

2025 NY Slip Op 03760

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 157415/22|Appeal No. 4619|Case No. 2024-03721|

[*1]Associated Industries Insurance Company, Inc., Plaintiff-Respondent,
v
Joseph Farahnik Doing Business as Joseph Farahnik Consulting Engineer, et al., Defendants, Kevin Kelly, Defendant-Respondent, Halpern & Pintel, Inc., Defendant-Appellant.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Copernicus T. Gaza of counsel), for appellant.
Gunnercooke US LLP, New York (Max W. Gershweir of counsel), for Associated Industries Insurance Company, Inc., respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered May 15, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment rescinding the insurance policy and declared that plaintiff has no duty to defend or indemnify defendant Halpern & Pintel, Inc. in a related personal injury action, unanimously affirmed, with costs.
In this insurance coverage dispute, plaintiff Associated Industries Insurance Company, Inc. was granted a default judgment against its insured, defendant Joseph Farahnik, on its claim seeking rescission of the policy based on allegations that he made material misrepresentations in his application for insurance. As a result of his default, Farahnik is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]), including the allegations that he made material misrepresentations in the insurance application. The policy, therefore, was void ab initio (see Admiral Ins. Co. v Joy Contrs., Inc., 19 NY3d 448, 461 [2012]). Thus, Halpern & Pintel, an additional insured, cannot raise a challenge to the finding of material misrepresentation in opposition to Associated's motion for summary judgment as against it (see Colony Ins. Co. v Danica Group, LLC, 115 AD3d 453, 454 [1st Dept 2014]; Colony Ins. Co. v Danica Group, LLC, 189 AD3d 733 [1st Dept 2020]; see generally Admiral Ins. Co. v Joy Contracts., Inc., 19 NY3d at 461).
While Halpern & Pintel may raise equitable defenses to the rescission claim (Colony Ins., 189 AD3d at 733), it has not shown that Associated's motion should have been denied based on a waiver defense because there is no evidence that Associated accepted premiums from Farahnik after learning of his alleged misrepresentations (see Continental Ins. Co. v Helmsley Enters., 211 AD2d 589, 589 [1st Dept 1995]). Associated did not waive its claim of recission based on its retention of a prorated portion of the premium after it canceled the policy and commenced this action. Once Farahnik made his claim, the status quo changed, and Associated's recission of the policy required a judicial determination (Kiss Constr. NY, Inc. v Rutgers Cas. Ins. Co., 61 AD3d 412, 414 [1st Dept 2009], citing Federal Ins. Co. v Kozlowski, 18 AD3d 33, 40 [1st Dept 2005]).
We have considered defendant Halpern & Pintel's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025