■ ROCHELLE FELDMAN, Appellant, v SAMUEL FRIEDMAN et al., Respondents. [661 NYS2d 9] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered on February 4, 1997, granting defendants' motions for summary judgment and dismissing the complaint, unanimously reversed, on the law, without costs, the motions denied and the complaint reinstated.

On May 27, 1992, the decedent Tiberiu Feldman applied for a life insurance policy in the amount of $1 million from defendant New York Life Insurance Company naming the plaintiff, Rochelle Feldman, decedent's wife, as the primary beneficiary. The policy was procured through defendant Samuel Friedman as the New York Life agent. Only three months later, Mr. Feldman was murdered and plaintiff filed a claim for payment of the proceeds. The defendant New York Life refused to pay and attempted to rescind the policy on the ground that the application for the policy omitted material information. New York Life, in its motion, asserted that the decedent had responded negatively to questions concerning whether the insured had used tobacco in any form in the last 12 months, and whether he had been counseled, treated or hospitalized for any psychiatric, emotional or mental health condition, or for alcohol or drug use, which responses were purportedly false. Thus, the insurer attached copies of the records of Dr. Stephen Kaiser, an internist who had examined Feldman on November 15, 1991, indicating he had prescribed both Prozac and Xanax, and indicating that the decedent had stopped smoking in July of 1991. Further, the medical records of Dr. Rose Marcus, a psychiatrist visited by the insured on four occasions during May to September of 1986, were also attached. The insurer contended that the misrepresentations were material, submitting an affidavit from a vice-president, the company's Medical Director, who claimed that the insurer would not have issued the subject policy had it been aware of Feldman's "adverse" medical history. Finally, the insurer submitted some of its underwriting guidelines.

The IAS Court granted both defendants' motions for summary judgment finding that the insured failed to disclose an extensive history of treatment for depression and that the policy would not have been issued had the insurer been advised of the true facts.

We have previously noted that: " ' "A fact is material so as to avoid *ab initio* an insurance contract if, had it been revealed, the insurer or reinsurer would either not have issued the policy or would have only at a higher premium." (*Christiania Gen. Ins. Corp. v Great Am. Ins. Co.*, [979 F2d 268], at 278.)' " (*Interested Underwriters v H.D.I. III Assocs.*, 213 AD2d 246, 247.)

Materiality of the misrepresentation is ordinarily one of fact except where the evidence of the materiality is clear and substantially uncontradicted, at which point the issue becomes one of law for the court to decide (*supra*, at 247). A court, in finding a material misrepresentation as a matter of law, generally relies upon two categories of evidence, an affidavit from the insurer's underwriter and the insurer's underwriting manual (*see*, *Gugleotti v Lincoln Sec. Life Ins. Co.*, 234 AD2d 514).

The conclusory, self-serving affidavit of defendant's employee that the insurer would not have issued the policy but for the misrepresentations is not enough, by itself, to support the insurer's burden (*Gibbons v John Hancock Mut. Life Ins. Co.*, 227 AD2d 963). Likewise, while the IAS Court relied upon "portions of the underwriting manual" in reaching its decision, an examination of the submitted guidelines reveals merely a list of psychiatric disorders without any explanation whatever concerning how these guidelines impacted upon the issuance of the subject life insurance policy. In fact, pursuant to the guidelines, Feldman's alleged mental disorder would have been characterized as "mild". Similarly, the guidelines demonstrate the existence of a non-smoker discount for those individuals who have not smoked in the last 12 months. However, there were factual issues raised as to whether decedent had smoked within that period.

In addition, there were issues of fact relating to who actually filled out the insurance application, plaintiff's decedent or defendant Friedman, and if it was Friedman, whether he did so on his own or by putting down the answers furnished him by the insured. Concur—Ellerin, J. P., Nardelli, Rubin and Williams, JJ.