■ ALEXANDER ASHKENAZI, Appellant, v AXA EQUITABLE LIFE INSURANCE COMPANY, Respondent. [63 NYS3d 853]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about October 11, 2016, which, among other things, granted defendant insurer's renewed motion for summary judgment dismissing plaintiff's complaint, granted defendant's motion for summary judgment on its counterclaim for rescission of insurance policies issued to the insured, and denied plaintiff's cross motion for summary judgment dismissing defendant's counterclaim for fraud, unanimously affirmed, without costs.

The motion court correctly granted defendant's motion for summary judgment on its rescission counterclaim, given the material misrepresentations contained in the insured's insurance applications (*Geer v Union Mut. Life Ins. Co.*, 273 NY 261, 265, 266 [1937]). There is no dispute that the applicants grossly overstated the insured's financial circumstances. Fur-

ther, defendant has provided ample evidence of its underwriting manual and practices indicating that but for the misrepresentations contained in the application, it would not have issued the policies (*see e.g. Feldman v Friedman*, 241 AD2d 433, 434 [1st Dept 1997]).

The motion court correctly denied plaintiff's cross motion for summary judgment dismissing defendant's fraud counterclaim. Issues of fact exist concerning whether the applicants, including plaintiff and the insured, intended to commit fraud when they applied for the policies (*Matter of Setters v AI Props. & Devs. [USA] Corp.*, 139 AD3d 492, 493 [1st Dept 2016]). The potential return of the premiums plaintiff paid rests on a resolution of the fraud claim, since defendant may be entitled to offset the return of premiums against the damages it incurred from the alleged fraud (*see e.g. Mincho v Bankers' Life Ins. Co.*, 129 App Div 332, 334 [1st Dept 1908]). Concur—Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kahn and Moulton, JJ. ▇