463 Saddle Up Tremont LLC v Union Mut. Fire Ins. Co. (2022 NY Slip Op 03203)

463 Saddle Up Tremont LLC v Union Mut. Fire Ins. Co.

2022 NY Slip Op 03203

Decided on May 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 

Index No. 32188/19E Appeal No. 15947 Case No. 2021-02313 

[*1]463 Saddle Up Tremont LLC, Plaintiff-Respondent,
v
Union Mutual Fire Insurance Company, Defendant-Appellant, Schaefer Enterprises, Inc., et al., Defendants-Respondents.

Hurwitz & Fine, P.C., Buffalo (Agnieszka A. Wilewicz of counsel), for appellant.
Law Office of Craig A. Blumberg, New York (Craig A. Blumberg of counsel), for 463 Saddle Up Tremont LLC, respondent.
L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville (William T. McCaffery of counsel), for Schaefer Enterprises, Inc., respondent.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola (Sandra J. LePorin of counsel), for Papa Restaurant Corp., respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about June 15, 2021, which denied defendant Union Mutual Fire Insurance Company's motion for summary judgment, unanimously affirmed, without costs.
The court correctly denied Union Mutual's motion for summary judgment with leave to renew upon the completion of discovery. Union Mutual failed to establish, as a matter of law, either that the insured made false statements in its insurance application or that the alleged misrepresentations were material (see Kiss Constr. NY, Inc. v Rutgers Cas. Inc. Co., 61 AD3d 412, 413 [1st Dept 2009]). The affidavit relied upon by Union Mutual to establish that it would not have issued the policies if the insured had not made the alleged misrepresentations was conclusory, and insufficient to establish materiality (see Certain Underwriters at Lloyd's London v Biogen Dev. Group, LLC, 189 AD3d 573, 575 [1st Dept 2020]; Feldman v Friedman, 241 AD2d 433, 434 [1st Dept 1997]).
In any event, in opposition to Union Mutual's motion for summary judgment, plaintiff raised triable issues of fact as to whether Union Mutual waived its right to rescind the policy (see generally United States Life Ins. Co. in the City of N.Y. v Blumenfeld, 92 AD3d 487, 488 [1st Dept 2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022