Liberty Mut. Ins. Co. v Valera (2022 NY Slip Op 05277)

Liberty Mut. Ins. Co. v Valera

2022 NY Slip Op 05277

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Index No. 650376/20 Appeal No. 16267 Case No. 2022-01420 

[*1]Liberty Mutual Insurance Company, et al., Plaintiffs-Respondents,
v
Sandra Valera, et al., Defendants, Central Supplies of NY Corp., et al., Defendants-Appellants.

The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellants.
Correia, Conway & Stiefeld, White Plains (Nicole M. Bynum of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about October 7, 2021, which granted plaintiff insurers' motion for summary judgment to the extent of declaring that defendant medical providers are not entitled to any no-fault benefits under claimant-defendant Sandra Valera's automobile insurance policy, unanimously reversed, on the law, without costs, the motion denied, the declaration vacated, and the matter remanded for further proceedings consistent with this decision.
In June 2019, the claimant was injured in a collision involving a vehicle that she insured under an automobile insurance policy issued by plaintiff insurers. The policy included an endorsement entitling the claimant to receive payment for accident-related medical expenses, and entitling her treating medical providers to collect her assigned no-fault benefits. In January 2020, the insurers filed this action for a declaration of no-coverage and an injunction barring defendant medical providers from seeking any no-fault reimbursement under the claimant's automobile insurance policy. The insurers alleged that the claimant had intentionally and materially misrepresented her home address in procuring the policy, as the proper policy address was not the Wappingers Falls address she had stated, but rather, an address in the Bronx.
The insurers submitted undisputed evidence that the claimant misrepresented her address based on her testimony at the Examination Under Oath (EUO). However, the insurers failed to establish, as a matter of law, that the alleged misrepresentation as to the correct address was a material misrepresentation. The affidavit of the insurers' underwriter is conclusory and not supported by relevant documentary evidence such as underwriting manuals, rules, or bulletins (see 463 Saddle Up Tremont LLC v Union Mut. Fire Ins. Co., 205 AD3d 511, 511-512 [1st Dept 2022]; BX Third Ave. Partners, LLC v Fidelity Natl. Tit. Ins. Co., 112 AD3d 430, 430 [1st Dept 2013]; Feldman v Friedman, 241 AD2d 433, 434 [1st Dept 1997]). We therefore deny the insurers' motion for summary judgment without prejudice and remand the matter for further discovery concerning the insurers' claim and underwriting practices and guidelines.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022