Alexi Home Design, Inc. v Union Mut. Fire Ins. Co. (2024 NY Slip Op 00121)

Alexi Home Design, Inc. v Union Mut. Fire Ins. Co.

2024 NY Slip Op 00121

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 21042/19 Appeal No. 1416 Case No. 2023-01891 

[*1]Alexi Home Design, Inc., Plaintiff-Respondent,
v
Union Mutual Fire Insurance Company, Defendant-Appellant.

Hurwitz Fine P.C., Buffalo (Brian D. Barnas of counsel), for appellant.
Law Office of Craig A. Blumberg, New York (Craig A. Blumberg of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 14, 2023, which denied defendant's motion for summary judgment dismissing the complaint and for summary judgment on its counterclaim for a declaratory judgment, unanimously affirmed, without costs.
Plaintiff Alexi Home Design, Inc. commenced this breach of contract action against defendant Union Mutual Fire Insurance Company, alleging that defendant wrongfully refused to cover fire damages to plaintiff's property. Defendant answered the complaint and asserted a counterclaim for declaratory judgment, contending that there is no coverage under the commercial policy because its investigation established that plaintiff had made material misrepresentations in its application for insurance, namely that the property only had two apartment units when in fact it had three apartment units. Under the circumstances, Union Mutual argues, it was entitled to rescind the policy.
In New York, an insurance company has a statutory right to rescind an
insurance policy if the applicant makes a "material misrepresentation" on the insurance application (NY Insurance Law § 3105[a], [b][1]; see also Starr Indem. & Liab. Co. v Monte Carlo, LLC, 190 AD3d 441, 442 [1st Dept 2021], lv dismissed 37 NY3d 932 [2021]). "A misrepresentation in an insurance application is material, voiding the policy ab initio, if, had the true facts been known, either the insurer would not have issued the policy or would have charged a higher premium" (id.).
While the materiality of a misrepresentation is usually a question for the jury (Tannenbaum v Provident Mut. Life Ins. Co. of Phila., 53 AD2d 86, 98 [1st Dept 1976], affd 41 NY2d 1087 [1977]), materiality can be established by an affidavit from an underwriter and documentary evidence concerning its underwriting practices showing that the same policy would not have been issued if the correct information had been provided (see e.g. Mehta v New York Life Ins. Co., 203 AD2d 8 [1st Dept 1994]). The burden is on the defendant insurance company to establish that it would have rejected the application if it had known the undisclosed material information (First Fin. Ins. Co. v Allstate Interior Demolition Corp., 193 F3d 109, 119 [2d Cir 1999]).
Here, while Union Mutual argues that the motion court erred in finding that the policy application question regarding the number of units was ambiguous, defendant failed to establish, as a matter of law, that the alleged misrepresentation was material. Defendant has not met its burden of establishing that it would have charged a higher premium to plaintiff if it had disclosed that the premises had three apartments on the insurance application. While defendant points to a conclusory assertion from its underwriter that the premium would have been higher if the third apartment at the premises had been disclosed, it does not point to rating guidelines or specific testimony regarding how much higher the premium would have been (see e.g. [*2]463 Saddle Up Tremont LLC v Union Mut. Fire Ins. Co., 205 AD3d 511, 511-512 [1st Dept 2022]; see also Parmar v Hermitage Ins. Co., 21 AD3d 538, 540 [2d Dept 2005]). Further, the 2016 underwriting guidelines state that "[t]he apartment and dwelling liability classes . . . base their premium on the number of living units; with a higher premium being charged for each additional unit." Notably, this section of the guidelines refers to "living units," not apartment units. The term "apartment units" was not defined in the relevant policies or elsewhere; and it is thus unclear whether the premium would have been higher if plaintiff had disclosed the presence of a walk-in basement apartment that was not listed on the certificate of occupancy.
The court properly relied on Lee in finding that the term "apartment units" in the policy was ambiguous (Lee v Union Mut. Fire Ins. Co., 2022 WL 3370086, 2022 US Dist LEXIS 146425 [ED NY 2022], affd 2023 WL 7014138, 2023 US App LEXIS 28338 [2d Cir 2023]). In Lee, the Eastern District concluded, and the Second Circuit later affirmed, that there was no "material misrepresentation" in the insurance application because the term "apartment unit" was undefined and ambiguous as a matter of law, and a reasonable person could have interpreted the question to refer only to units that were either occupied or could legally have been occupied, and not a furnished basement where no one was residing (id.).
Even if Union Mutual had established that plaintiff had made a material misrepresentation on the insurance policy, defendant would still have not been entitled to summary judgment dismissing the complaint and for summary judgment on its counterclaim for a declaratory judgment, because there also remain factual issues surrounding whether defendant waived its right to rescind the policy. An insurer waives its right to cancel or rescind a policy when, "after learning of an event allowing for cancellation of the policy, [it] continues to accept premiums from the insured" (463 Saddle Up Tremont LLC v Union Mut. Fire Ins. Co., 2021 NY Misc LEXIS 3551 at *4-5 [Sup Ct, Bronx County 2021], affd 205 AD3d 511, 511-512 [1st Dept 2022]; see also Continental Ins. Co. v Helmsley Enters., 211 AD2d 589 [1st Dept 1995]). As the court found, there remain factual issues surrounding whether defendant "learn[ed] of an event allowing for cancellation of the policy" after both the initial inspection in October 2016 and the post loss inspection that occurred in August 2018. It is undisputed that defendant continued to collect premiums and even renewed the policy after the inspections occurred.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024