State Farm Mut. Auto. Ins. Co. v Able Chiropractic, P.C. (2025 NY Slip Op 00206)

State Farm Mut. Auto. Ins. Co. v Able Chiropractic, P.C.

2025 NY Slip Op 00206

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 153544/21 Appeal No. 3499 Case No. 2023-06794 

[*1]State Farm Mutual Automobile Insurance Company, Plaintiff-Respondent,
v
Able Chiropractic, P.C., et al., Defendants, Full Psychology, P.C., et al., Defendants-Appellants.

The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellants.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about October 12, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as against defendants Full Psychology, P.C., Metro Pain Specialists Professional Corporation, Big Apple Medical Group Corp., ERF Physical Therapy, P.C., and Michele Glispy, LAC (collectively, medical providers), unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings consistent with this decision.
The court should have denied plaintiff's motion for summary judgment as against defendant medical providers. Even assuming plaintiff established that the insureds misrepresented their residence and the primary garaging location of the insured vehicle, plaintiff failed to establish, as a matter of law, that the misrepresentations as to the insureds' correct address and garaging location were material misrepresentations (see Liberty Mut. Ins. Co. v Valera, 208 AD3d 1104 [1st Dept 2022]; see also Feldman v Friedman, 241 AD2d 433, 434 [1st Dept 1997]). The affidavit of plaintiff's underwriter is "conclusory and not supported by relevant documentary evidence such as underwriting manuals, rules, or bulletins" (Liberty Mut. Ins. Co. v Valera, 208 AD3d at 1104). Accordingly, we remand the matter for further discovery. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025